CITY OF GARFIELD HEIGHTS, APPELLEE, *v.* BREWER, APPELLANT.

(No. 47237—Decided June 25, 1984.)

*Gregory Rowinski,* for appellee.
*James Williams,* for appellant.

NAHRA, J. On June 1, 1983, appellant, Gemes Brewer, III, was arrested in Garfield Heights and charged with driving while under suspension in violation of R.C. 4509.76. On June 7, 1983, appellant signed a form entitled "Statement of Rights and Waiver of Counsel"[1] and pled no contest by circling "no contest" on the form. The trial court found appellant guilty and sentenced him to one hundred eighty days' confinement and imposed a $500 fine. Appellant timely appealed raising two assignments of error which deal with the waiver of the right to counsel and other constitutional rights in a misdemeanor case where incarceration is imposed.

I

Appellant's first assignment of error is that:

"The trial court failed to advise appellant of his right to counsel when he appeared unrepresented at trial, and appellant did not make a knowing and intelligent waiver of his right to counsel."

Appellant was convicted of a misdemeanor involving a petty offense since the penalty prescribed for driving while under suspension does not provide for more than six months' confinement but only up to six months' confinement. See Crim. R. 2; R.C. 4509.99(B); *Toledo* v. *Chiaverini* (1983), 11 Ohio App. 3d 43. Accordingly, Crim. R. 11(E), 44(B) and (C), and 22 must be complied with.

Crim. R. 11(E) provides that:

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.

"The counsel provisions of Rule 44(B) and (C) apply to this subdivision."

Crim. R. 44(B) and (C) provide that:

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) Waiver of counsel. *Waiver of*

---

[1] A copy of the "Statement of Rights and Waiver of Counsel" form is included as the Appendix herein.

counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing." (Emphasis added.)

Finally, Crim. R. 22 provides, in relevant part, that:

"In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, and if requested by any party all proceedings shall be recorded." (Emphasis added.)

The requirements of the Criminal Rules are mandatory; all waivers of counsel must be made in open court and must be recorded. State v. Haag (1976), 49 Ohio App. 2d 268 [3 O.O.3d 301]; see Cuyahoga Falls v. Simich (1982), 5 Ohio App. 3d 10; State v. Minor (1979), 64 Ohio App. 2d 129 [18 O.O.3d 98].

The Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence. Argersinger v. Hamlin (1972), 407 U.S. 25. Because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, Brewer v. Williams (1977), 430 U.S. 387; Johnson v. Zerbst (1938), 304 U.S. 458, that waiver must affirmatively appear on the record. State v. Haag, supra; Cleveland v. Whipkey (1972), 29 Ohio App. 2d 79 [58 O.O.2d 86]. A knowing and intelligent waiver will not be presumed from a silent record. Carnley v. Cochran (1962), 369 U.S. 506, 516; State v. Brinkman (Feb. 25, 1982), Cuyahoga App. No. 44262, unreported; State v. Washington (March 27, 1980), Cuyahoga App. Nos. 40623 & 40624, unreported.

There is no transcript in the record before this court.[2] Therefore, we cannot say that the mandatory requirements of the Criminal Rules regarding waiver of counsel have been complied with. The record contains a signed statement of waiver, not necessarily a knowing and intelligent waiver. Regardless, a written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge which is recorded. See Cuyahoga Falls v. Simich (1982), 5 Ohio App. 3d 10, 12; State v. Minor (1979), 64 Ohio App. 2d 129, 131 [18 O.O.3d 98]. Nor does it comply with the constitutional mandate that the waiver affirmatively appear on the record.

Generally, the proceedings of the lower court are deemed to be correct. If there is no transcript of the proceedings and the error cannot be shown in the record, an appellant will not prevail. However, when confronted with the waiver of a constitutional, statutory or other substantial or fundamental right, such waiver must affirmatively appear in the record. See State v. Haag (1976), 49 Ohio App. 2d 268, 271 [3 O.O.3d 301]. Since the recording of waiver of counsel is mandatory, and the presumption is against a waiver of counsel, the city has the burden to show compliance with the rules. The city has not met its burden and proper waiver of counsel will not be presumed. Accordingly, appellant's first assignment of error is sustained.

II

Appellant's second assigned error is that:

"The trial court erred in accepting a no contest plea without addressing defendant personally to determine the voluntariness of the plea and whether or not defendant understood the nature of the charge and the consequences of the plea."

A trial court "shall not accept [a] plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Crim. R. 11(E). A no contest plea, like a guilty plea, waives several constitutional rights, including the right to a trial, the

_____

[2] We do not know if a transcript was made or if one was made but appellant failed to request it on appeal.

privilege against self-incrimination, and the right to confront accusers. *Toledo* v. *Chiaverini* (1983), 11 Ohio App. 3d 43; see *Boykin* v. *Alabama* (1969), 395 U.S. 238, 243. Therefore, the record must affirmatively demonstrate that the plea of no contest was entered voluntarily, intelligently and knowingly. *Chiaverini, supra,* at 44-45. The burden is on the city to demonstrate a valid waiver of constitutional rights. *Boykin, supra,* at 242.

Ohio cases which have determined whether the requirements of Crim. R. 11(C)(2)[3] for taking pleas in felony cases have been met, have required an affirmative showing on the record that the trial court explained the constitutional rights to be waived and that any waiver by a guilty or no contest plea was intelligible. *State* v. *Ballard* (1981), 66 Ohio St. 2d 473 [20 O.O.3d 397], paragraph two of the syllabus; *State* v. *Billups* (1979), 57 Ohio St. 2d 31 [11 O.O.3d 150], syllabus. A meaningful dialogue between the court and the defendant is required; written statements will not satisfy these requirements. *State* v. *Caudill* (1976), 48 Ohio St. 2d 342 [2 O.O.3d 467], paragraphs two and three of the syllabus; *State* v. *Wilson* (1978), 55 Ohio App. 2d 64, 65 [9 O.O.3d 223]. A reviewing court will then be able to examine the record and determine whether the trial court explained the constitutional rights and the effect of a guilty or no contest plea in a manner reasonably intelligible to the defendant. *State* v. *Ballard, supra,* at 480.

The requirement of a meaningful dialogue on the record between the court and the defendant is no less applicable in misdemeanor cases with a possible penalty of imprisonment. Where possibility of incarceration exists, for even six months or less, constitutional rights attach unless *validly* waived. Cf. *State* v. *Buchholz* (1984), 11 Ohio St. 3d 24 (*Miranda* warnings are required in misdemeanor cases prior to custodial interrogations). Since a waiver will not be presumed from a silent record, *Boykin, supra,* at 243, the burden is on the city to show a valid waiver. The city has not met its burden in this case by affirmatively showing in the record that appellant's plea was voluntarily, intelligently and knowingly given. Accordingly, appellant's second assignment of error is sustained.

The judgment of the Garfield Heights Municipal Court is reversed, appellant's plea is vacated, and the case is remanded to the trial court to allow the appellant to plead anew.

*Judgment reversed*
*and case remanded.*

CORRIGAN, J., concurs.

DAY, C.J., not participating in final decision.

---

[3] Criminal Rule 11(C)(2) provides that:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

CORRIGAN, J., concurring. Existing Criminal and Traffic Rules require that I concur in the result reached by the majority. However, I feel constrained to make some observations arising from the conclusion reached. Despite the heavy volume of cases in traffic courts, the judges are required, in accepting pleas of guilty or no contest, to use the same meticulous care required in more serious offenses. The net effect of the judgment entered in this case, for all practical purposes, could limit the use of written waivers in traffic courts to those cases involving no possible incarceration.

This decision stands for the proposition that a traffic court judge may not impose a jail sentence when the accused at the time of sentencing or later challenges the use of his written waiver. Although one acknowledges that he was fully advised as to all his constitutional and substantial rights, unless the verbatim record is made in court by the prosecution and the court to reflect that the accused knowingly, voluntarily and intelligently signed, specifically waiving each right, the written waiver is of no significance. Mere acknowledgment that he signed the form is not sufficient to establish a voluntary and intelligent waiver of his rights. Further, on review the appellate court cannot indulge in any presumption of regularity as to the traffic court proceedings. In other words, before a jail sentence may be imposed in a traffic case the prosecution must be able to affirmatively demonstrate by way of a trial transcript that the written waiver was made in strict compliance with the Criminal Rules.

The written waiver has come into wide use in crowded traffic courts, certainly not to deny an accused his substantial rights but in a sincere attempt to expedite the proceedings before judges forced to rule on scores and even hundreds of traffic violations per day. Explicit "on the record" waiver of a defendant's constitutional rights is required before the acceptance of a plea of not guilty or no contest. However, strict compliance with the details of Crim. R. 11(E), Crim. R. 44(B) and (C), Crim. R. 22 and Traf. R. 8(D) and 10(D) and the making of an explicit verbatim record of the waiver process could require many additional judges in order to handle the volume in a reasonably prompt manner.

The question arises as to whether or not the trial judge must personally examine each defendant and record the dialogue before accepting a guilty or no contest plea to a traffic offense whether incarceration is to follow or not. The Supreme Court of California, with Judge Tobriner writing, has held that explicit "on the record" waiver of defendant's constitutional rights is required for acceptance of a guilty plea to a misdemeanor charge, but that the procedure required for felony prosecutions need not be duplicated and variations can be adopted, so long as a defendant's fundamental constitutional rights are respected. See *Mills* v. *Municipal Court* (1973), 10 Cal. 3d 288, 303, 110 Cal. Rptr. 329, 515 P.2d 273, where Judge Tobriner wrote:

"* * * in evaluating the procedures utilized in inferior courts for advising defendants of their rights and obtaining 'on the record' waivers, the realities of the typical municipal and justice court environment cannot be ignored, and that, so long as the spirit of the constitutional principles are [sic] respected, 'the convenience of the parties and the court should be given considerable weight.' "

In my opinion, the decision reached in the instant case should not be read as a final determination that the strict requirements of the Ohio Criminal Rules for accepting pleas of guilty or no contest apply equally to all felonies and traffic misdemeanors. In dealing with traffic

offenses, I believe that a written waiver properly acknowledged by an accused on the record in open court can serve a useful purpose. The result can be a more efficient court operation and an expeditious handling of the majority of citizens hauled into traffic court. The proper authorities should examine the situation and hopefully develop a procedure balancing the fundamental constitutional rights of traffic offenders and recognizing the municipal court traffic environment. I am convinced that a procedure can be worked out affording adequate protection of constitutional interests and at the same time improving the administration of traffic courts.

### Appendix

KENNETH R. STRALKA, JUDGE
ANDREW P. SLIVKA, JUDGE
GARFIELD HEIGHTS
MUNICIPAL COURT
5555 Turney Road
Garfield Heights, Ohio 44125

CASE NO(S). _____

STATEMENT OF RIGHTS AND WAIVER OF COUNSEL

I hereby state that I have been informed by the Court of:

1. The nature of the charge against me; and possible penalty, if found guilty, or if I enter a plea of guilty or no contest;

2. My right to bail;

3. The identity of the complainant(s):

4. My right to retain counsel even if I intend to plead guilty and of my right to a reasonable continuance to secure counsel;

5. My right to have counsel assigned to me without cost if I am unable to employ counsel even though I intend to plead guilty and of my right to a reasonable continuance;

6. The fact that a plea of guilty is a complete admission of the truth of the facts alledged [*sic*] in the complaint;

7. The fact that a plea of no contest is not an admission of my guilty [*sic*] as charged, but is an admission of the truth of the facts alledged [*sic*] in the complaint and that such plea cannot be used against me in any future civil or criminal proceedings;

8. The fact that a plea of not guilty is a complete denial of the facts alledged [*sic*] in the complaint and will require a trial thereon;

9. My right to trial by jury and the need of making a written demand for a jury trial at least ten (10) days before trial or within three (3) days after receiving notice of my trial; my right to confront and cross-examine my accusers and witnesses who testify against me; my right to compulsory process (subpoena) witnesses in my favor; my right to remain silent and my right that the prosecutor must prove my guilt beyond a reasonable doubt at a trial, at which trial I cannot be compelled to testify against myself;

10. THAT BY A PLEA OF GUILTY OR NO CONTEST I WAIVE THESE RIGHTS STATED ABOVE AND THAT THE COURT SHALL IMPOSE ITS SENTENCE ACCORDING TO LAW WITHOUT UNNECESSARY DELAY.

I state that I have received a copy of the complaint and with knowledge of any rights aforesaid I hereby knowingly, voluntarily, and intelligently enter a plea of

(A) GUILTY
(B) NO CONTEST
(C) NOT GUILTY

I waive counsel herein.

DATE _____

_____ DEFENDANT

_____ WITNESS