Appellant, Danielle Hassell, claims that Judge Kenneth R. Stralka erred in convicting her of misdemeanor theft rendered upon a plea of no contest without first advising her of her constitutional and statutory rights set forth in Ohio Crim.R. 11. For the following reasons we agree and reverse.
On September 13, 1996, Danielle Hicks, using as identification the drivers license in the name of Danielle Hassell, rented two chafing dishes, valued at $197.00, from Maple Heights Catering, Inc., for a period of one week. The equipment was not returned, despite the efforts of Maple Heights Catering to have it returned, and on February 12, 1997, Maple Heights Catering filed an incident report with the Maple Heights Police Department. Ms. Hassell was charged with petty theft, a first degree misdemeanor.
At the arraignment on December 30, 1997, the following colloquy took place:
 JUDGE STRALKA: Danielle Hassell, charged with theft. What would your plea be, madam.
THE DEFENDANT: No Contest.
 JUDGE STRALKA: No contest in the City of Maple Heights[.] [O]n the 13th of September, 1996[,] you took property that was not your own, six months and $1,000.00.
 With your plea you admit your guilt, you waive your rights to any further hearings, waive your rights to an attorney, court-appointed attorney if indigent, also to a jury trial.
 Let me ask that you read over statement of rights, waiver of counsel and jury. After recess we will bring you back, give you an opportunity to speak before sentencing.
 JUDGE STRALKA: First degree misdemeanor. You entered a plea of no contest. Any question you took these things from another person.
THE DEFENDANT: Yes. (Emphasis added)
JUDGE STRALKA: Has anyone made any promises to you?
THE DEFENDANT: No.
 JUDGE STRALKA: Did anyone force you into entering this plea, admitting your guilt, waiving your rights to counsel, court-appointed counsel if indigent?
THE DEFENDANT: No.
 JUDGE STRALKA: Did you ever make restitution for these dishes?
THE DEFENDANT: Yes.
JUDGE STRALKA: Do you have any evidence of it?
THE DEFENDANT: No.
JUDGE STRALKA: Have you been in trouble before?
THE DEFENDANT: No. Never.
JUDGE STRALKA: Why did you take these dishes?
 THE DEFENDANT: A friend of mine rented it in my name with my license. I got a copy from the company or whatever with their name signed. It wasn't even my name but she had my driver's license number.
 Then they were loaned out twice to other people and I finally got them back. By the time I did get them back, I was already notified that I had a warrant.
 They had told me there was no reason, there was no point to contact them, to just go ahead and go through it this way.
 JUDGE STRALKA: The Maple Heights Police has two. Where were you picked up most recently that you are before the court?
THE DEFENDANT: I wasn't picked up before.
 JUDGE STRALKA: You posted a bond. Why did you post a bond?
THE DEFENDANT: No, I wasn't picked up.
 JUDGE STRALKA: What the court is going to do is this. 12-30 I will make a finding of guilt. Before sentencing is there anything that you wish to say?
THE DEFENDANT: No.
* * *
 JUDGE STRALKA: The court will impose $500.00, 180 days. I will suspend 150. You will spend all but 30 days. You have 30 days to serve. I want restitution made before you are released from jail.[1]
THE DEFENDANT: I am going to jail?
JUDGE STRALKA: Three years inactive probation.
THE DEFENDANT: For a petty theft?
JUDGE STRALKA: Pardon:
THE DEFENDANT: For a petty theft?
 JUDGE STRALKA: Yes Ma'am. You could go six months. You are fortunate you are not going six months. That's what you do when you commit a crime.
 THE DEFENDANT: I just explained to you what happened.
JUDGE STRALKA: Just have a seat there.
 I.
We will address Hassell's first and second assignments of error together. These assignments of error read:
 I. THE TRIAL COURT ERRED IN FAILING TO ADVISE THE APPELLANT OF HER RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND OHIO CRIM.R. 11 (E).
 II. THE TRIAL COURT ERRED WHEN IT IMPOSED A JAIL SENTENCE AFTER FAILING TO ADVISE THE APPELLANT OF HER RIGHT TO COUNSEL WHEN SHE APPEARED UNREPRESENTED, AND DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF HER RIGHT TO COUNSEL.
Crim.R. 11 provides in pertinent part:
(E) Misdemeanor cases involving petty offenses
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. (Emphasis added.)
 The counsel provisions of Crim.R. 44 (B) and (C) apply to division (E) of this rule.
Crim.R. 44 provides in pertinent part:
(B) Counsel in petty offenses
 Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
(C) Waiver of counsel
 Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
The transcript of proceedings reveals that Judge Stralka made no effort to comply with Crim.R. 11 (E) or Crim.R. 44 (B)(C) prior to accepting Hassell's no contest plea. In fact, Hassell was given a waiver form to read and sign after the court accepted her plea.
The U.S. Supreme Court, in Boykin v. Alabama (1969), U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274, held a criminal defendant must be advised of his privilege against compulsory self-incrimination, right to a trial by jury, and right to confront one's accusers for a waiver of those rights to be valid. The Ohio Supreme Court added an additional requirement, that a defendant must be informed of his right to compulsory process of witnesses to testify on his behalf under the Sixth Amendment to the U.S. Constitution, for a valid waiver of rights. State v. Ballard
(1981), 66 Ohio St.2d 473, 477, 423 N.E.2d 115.
This court has held "[w]here the possibility of incarceration exists, for even six months or less, constitutional rights attach unless validly waived." Garfield Hts. v. Brewer (1984), 17 Ohio App.3d 216,218, 479 N.E.2d 309. More recently, in City ofCleveland v. Wanzo (August 27, 1998), Cuyahoga App. No. 73264, unreported, we held a defendant in a misdemeanor case must also be advised of his constitutional rights pursuant to Crim.R. 11 (C), which provides in pertinent part:
(C) Pleas of guilty and no contest in felony cases
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and:
* * *
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the cannot be compelled to testify against himself or herself.
Id. See, also, Parma v. Peyatt (April 25, 1996), Cuyahoga App. No. 68997, unreported.
The City of Maple Heights contends that Judge Stralka substantially complied with the requirements of Crim.R. 11 and claims Hassell was advised of her constitutional rights on three separate occasions: initially when the court instructed all persons on the arraignment docket of their constitutional rights, again after her plea, when she was given the waiver to read and sign and last just before sentencing.
Nothing in the record supports this creative argument. There is no record whatsoever of any constitutional rights being enumerated or enunciated to all persons on the arraignment docket or even that Hassell was in the courtroom at the time.
Moreover, what the city claims to be advice the judge gave on ones constitutional rights bears but a fleeting resemblance of that required under Crim.R. 11. It would have been deficient even if given before the plea because it only mentioned her right to an attorney and a jury trial. Providing Hassell with a "Statement of Rights, Waiver of Counsel and Jury" to read and sign at that point will not cure the defects.
Furthermore, the city's suggestion that before sentencing Hassell's constitutional rights were again given is rendered hollow by the record. All the judge advised was a question about being forced to enter the plea, admit guilt and waive the right to counsel.
The judge failed in his duty under Crim.R. 11 (E) and Crim.R. 44 to inform Hassell of the effect of a no contest plea (particularly the possible or probable jail sentence)., to inform Hassell of her constitutional rights, and to make an affirmative record of her waiver of counsel. Brewer, supra. See, also, Wanzo,supra; Parma v. Peyatt, supra.
Hassell's first and second assignments of error are sustained. We vacate the plea and conviction thereon and remand for further proceedings consistent with this opinion.
 II.
Hassell's third assignment of error reads:
 THE TRIAL COURT ERRED BY IGNORING MISDEMEANOR SENTENCING GUIDELINES SET FORTH IN R.C. 2929.22, AND 4.C. (SIC) 2929.12.
This assignment of error is rendered moot by our resolution of the first and second assignments of error and need not be addressed. App.R. 12 (A) (1) (c).
Judgment vacated and remanded.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., CONCUR; JAMES M. PORTER, A.J.CONCURS IN JUDGMENT ONLY.
 ____________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the courts decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E), unless a motion for reconsideration with supporting brief, per App.R. 26 (A) is filed within ten (10) days of the announcement of the courts decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this courts announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct. Prac. R. II, Section 2 (A) (1).
[1] In the trial court's judgment entry of January 15, 1998, Judge Stralka stated "[i]t is the sentence of the court that defendant be fined $500.00 and costs herein and sentence (sic) to serve 180 days in Cuyahoga jail. Further, $150.00 the fine (sic) is suspended together with 150 days. Defendant placed on inactive probation for 3 years. Restitution ordered (Restitution was paid in full on 1-2-98). Judgment is ordered accordingly and ordered into execution."