Dominic Galati appeals from a judgment of the Lyndhurst Municipal Court entered pursuant to his guilty plea to domestic violence, alleging the court erred when it accepted his plea because he did not enter it knowingly and voluntarily and the court did not conduct a meaningful dialogue with him before accepting his waiver of counsel. For the following reasons, we reverse the judgment of conviction.
The record in this case reveals that on March 2, 1998, Galati's wife, Kimberly, filed a complaint against him for domestic violence arising from an incident which had occurred at their home on February 28, 1998, during which he flipped over a rocking chair with her in it, causing her to fall to the floor. The court issued a temporary protection order and on March 2, 1998, held a hearing during which Galati signed a written statement waiving his right to counsel and entered a plea of guilty to the charge of domestic violence.
The court did not transcribe the hearing or the waiver of counsel; however, the record before us contains an approved statement of the evidence filed pursuant to App.R. 9 (C) which states in relevant part:
* * *
 On the morning of March 2, 1998, the defendant appeared in court and advised the court that he just wanted to "get the matter over with."
 The defendant was advised of his rights pursuant to Criminal Rule 11, including his right to a trial by jury; his right to the assistance of counsel; his right to remain silent, to not testify, and have the charge proven against him beyond a reasonable doubt; and the right to confront and cross-exam (sic) witnesses against him. The defendant indicated that he understood his rights and was then provided with a form entitled "waiver of right to counsel," reflecting that he had been advised of his rights and fully understood them, and also understood that the punishment for the offense charged included a potential jail sentence. The form further reflected that the defendant understood he had a right to a continuance to obtain counsel and that the court would appoint counsel to serve him if he was indigent. The defendant reviewed the form, circled a plea of "guilty" and signed the form.
 This court accepted the defendant's guilty plea and made a finding of guilty.
 The court inquired as to whether the defendant had anything to say before he was sentenced. The defendant addressed the court. Thereafter, upon consideration of the sentencing criteria of O.R.C. 2929.22, the court proceeded to sentence the defendant on the first degree misdemeanor offense of domestic violence, brought under section 535.17 of the codified ordinances of the City of Mayfield Heights.
* * *
The court then sentenced Galati to 30 days incarceration with 25 days suspended, two years active probation, a $500 fine, and costs. Galati served the five days immediately and paid the fine. Galati now appeals and presents the following assignment of error for our consideration:
 DOMINIC GALATI'S PLEA VIOLATED HIS CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND RULE 11, 22 AND 44 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
Galati claims that the trial court erred in accepting his guilty plea, because the record does not demonstrate he entered it knowingly and voluntarily and the court failed to orally discuss his waiver of counsel.
The issue presented for our review then, concerns whether the trial court erred in accepting Galati's guilty plea.
In Boykin v. Alabama (1969), 395 U.S. 238, the Court held that a trial court, when accepting a plea, is obligated to determine that an accused is knowingly, intelligently, and voluntarily waiving his constitutional rights, specifically, the privilege against self-incrimination, the right to a trial by jury, and the right to confront accusers.
In State v. Stewart (1977), 51 Ohio St.2d 86, the Ohio Supreme Court determined that substantial compliance with Crim.R. 11 satisfies this constitutional requirement.
Misdemeanor cases are classified by Crim.R. 2 as either serious offenses or petty offenses according to the penalty which may be imposed: essentially, a serious offense includes any felony or misdemeanor for which the penalty includes confinement for more than six months and a petty offense is any misdemeanor other than a serious offense.
Here, because the offense of domestic violence does not include a penalty of confinement for more than six months, it is in this case a petty offense.
Crim.R. 11 (E) states:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
* * *
In addition, Crim.R. 44(B) and (C) provide in part:
 Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases, the waiver shall be in writing.
Further, Crim.R. 22 mandates:
 * * * In petty offense cases all waivers of counsel required by Rule 44 (B) shall be recorded, and if requested by any party all proceedings shall be recorded. (Emphasis added).
Also in this regard, in City of Garfield Heights v. Brewer
(1984), 17 Ohio App.3d 216, our court considered an appeal from a case where a plea had been entered but no transcript of the proceeding had been filed with the court. We stated at 217:
 There is no transcript in the record before this court. Therefore, we cannot say that the mandatory requirements of the Criminal Rules regarding waiver of counsel have been complied with. The record contains a signed statement of waiver, not necessarily a knowing and intelligent waiver. Regardless, a written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge which is recorded. * * * Nor does it comply with the constitutional mandate that the waiver affirmatively appear on the record.
 Generally, the proceedings of the lower court are deemed to be correct. If there is no transcript of the proceedings and the error cannot be shown in the record, an appellant will not prevail. However, when confronted with the waiver of a constitutional, statutory or other substantial or fundamental right, such waiver must affirmatively appear in the record. * * *
We are neither unmindful of nor unsympathetic to the burden these rules and our decision place upon the already overworked municipal courts who must adapt courtroom procedures to comply with these mandatory requirements. As Judge John V. Corrigan stated in his concurring opinion in Brewer, "The net effect of the judgment entered in this case, for all practical purposes, could limit the use of written waivers in traffic courts to those cases involving no possible incarceration." And, characterizingBrewer, he stated, "This decision stands for the proposition that a traffic court judge may not impose a jail sentence when the accused at the time of sentencing or later challenges the use of his written waiver.
In State v. Moore (1996), 111 Ohio App.3d 833, the court there dealt with a case involving a serious misdemeanor and determined that a meaningful dialogue had not occurred between the court and the appellant because the court failed to address the defendant personally and advise of the effect of the plea, the possible minimum and maximum penalties, the possibility of consecutive sentences, and the constitutional rights being waived.
Also, in Garfield Heights v. Gipson (1995), 107 Ohio App.3d 589, our court reversed a conviction where the trial court did not have a meaningful dialogue with regard to the waiver of counsel and the plea of no contest.
In this case, Galati argues that the trial court tailed to explain his rights or the consequences of his guilty plea before accepting it, and that the court failed to record his waiver of counsel. The record here contains only the court's approved statement of the evidence, which even if viewed in a light most favorable to the state, does not establish the court addressed Galati personally or informed him of his right to counsel, the maximum penalty involved, or that the court could proceed with judgment and impose sentence. Although the App.R. 9(C) statement of evidence made part of the record on appeal recites compliance with Galati's constitutional rights, it fails to address the mandatory provisions of Crim.R. 11 and Crim.R. 44 which require a court to address the defendant personally in open court and to record the proceedings as provided in Rule 22. Thus, we cannot conclude that the court complied with the requirements of Crim.R. 11 or Crim.R. 44, nor that Galati's waiver of counsel affirmatively appears in the record. Accordingly, the assignment of error is well taken, and we reverse the judgment of the trial court, vacate the plea, and remand the matter to the court for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., and KENNETH A. ROCCO, J., CONCUR
 ___________________________________ JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).