OPINION
Defendant-appellant Dionne Moss appeals her conviction in the Garfield Heights Municipal Court for driving with a suspended license, in violation of R.C. 4507.02, and driving with obstructed plates, in violation of R.C. 4503.21, entered upon a no contest plea. For the reasons that follow, we reverse and remand.
On October 15, 1998, Maple Heights Police Officer Cochran observed appellant traveling southbound on Warrensville Center Road in the City of Maple Heights. Officer Cochran observed that the rear license plate of appellant's vehicle was obstructed by a tinted cover and border plate. Upon "running" the plates, Officer Cochran discovered that the driver's license of the registered owner of the car was suspended. Officer Cochran stopped appellant and charged her with driving with a suspended license, in violation of R.C. 4507.02, and driving with obstructed plates, in violation of R.C. 4503.21.
On October 27, 1998, appellant appeared in the Garfield Heights Municipal Court and pled not guilty to the charges. Appellant also signed a form entitled "Statement of Rights, Waiver of Counsel and Jury." The matter was scheduled for trial on November 16, 1998.
On November 16, 1998, appellant appeared for trial, without counsel. The trial court and appellant engaged in the following colloquy:
 COURT: Okay. I'm going to ask you once again to re-enter your plea in writing. Realize once again, as I told you before, these are the rights you waive, including your rights to an attorney, court-appointment attorney if indigent, continuance and of course, a jury trial.
* * *
 Okay. So if you've read that over — read it and then we'll begin the trial.
APPELLANT: I'm willing to change my plea.
COURT: To what?
APPELLANT: To no contest.
 COURT: If you enter a plea realizing you waive the very same rules I've explained to you previously. Rules I'm asking you to read again, you waive those rules or rights. It's no longer necessary that we have a trial, but we will have a hearing. The gentleman will explain why you're under suspension if in fact the officer says you were driving so if you'll read that over and sign it. Now, do you read, write, understand the English language?
APPELLANT: Yes.
 COURT: Okay. You might read that and sign it then, ma'am. Now, with this plea you admit your guilt, you waive your right to any further hearings in this court. You waive your rights and it's no longer necessary that a formal trial be had. At the trial each and every essential element of the offense charge[d] would have to be shown beyond a reasonable doubt in order that you be found guilty by a court or by a jury. You at that trial, of course, would have the right to confront your accuser, cross-examine persons who testify against you, right to subpoena witnesses, the right to remain silent. Do you understand? What you're charged with is one could carry up to a hundred dollars, the other could carry up to six months and a thousand dollars.
 Now has anyone forced you into entering this plea?
APPELLANT: No.
 COURT: Has anyone made any promises to you what the sentence of the court might be?
APPELLANT: No.
 COURT: You read, write and understand the English language?
APPELLANT: Yes.
COURT: The court then will accept your plea.
Appellant apparently signed another "Statement of Rights, Waiver of Counsel and Jury" form at some point during this colloquy. Officer Cochran and a representative of the state then testified regarding the events that led to appellant's citation and the status of appellant's driver's license when she was cited.
The trial court found appellant guilty of the charges. The judge sentenced appellant to a $1000 fine and 180 days in jail for driving with a suspended license, and suspended $500 of the fine and 150 days of the jail time. The court also suspended appellant's driver's license for one year. The trial judge sentenced appellant to payment of $94 in court costs on the charge of driving with an obstructed plate.
Appellant timely appealed, assigning four assignments of error for our review:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN SHE WAS SENTENCED TO A TERM OF IMPRISONMENT WITHOUT A KNOWING, INTELLIGENT AND VOLUNTARY WAIVER OF HER RIGHT TO COUNSEL.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT FULLY INFORM THE DEFENDANT CONCERNING THE EFFECT OF A PLEA OF NO-CONTEST.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT COMPLY WITH THE VARIOUS RULES OF CRIMINAL PROCEDURE IN ACCEPTING A NO-CONTEST PLEA FROM DEFENDANT.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT PROPERLY INFORM THE DEFENDANT AS TO THE POTENTIAL PENALTIES THAT COULD BE IMPOSED.
In her first assignment of error, appellant argues that she did not knowingly, intelligently and voluntarily waive her right to counsel. Appellant contends that the trial court failed to ascertain after a full inquiry whether she understood her right to counsel and intelligently relinquished the right.
Crim.R. 11(E) requires that in a misdemeanor case involving a petty offense, the court shall not accept a plea of guilty or no contest without first informing the defendant of the effect of the plea. The rule also states that the court must apply the counsel provisions of Crim.R. 44(B) and (C).
Crim.R. 44(B) and (C) state that where a defendant is unable to obtain counsel, the trial court may assign counsel, and further, where a defendant is unable to obtain counsel, no sentence of confinement may be imposed upon a defendant unless he or she has, after being fully advised by the court, knowingly, intelligently and voluntarily waived the assignment of counsel. Waiver of counsel must be in open court and the waiver shall be recorded as provided in Crim.R. 22. Garfield Hts. v. Brewer (1984), 17 Ohio App.3d 216,217.
In Brewer, supra, this court held that "a meaningful dialogue" between the court and the defendant is required whenever there is a possibility of incarceration and the defendant has waived counsel. The court also held that a written waiver of counsel is not a substitute for compliance with the requirement of an oral waiver in open court. Id.; accord Garfield Hts. v. Gipson (1995),107 Ohio App.3d 589.
Here, even a cursory review of the record demonstrates that there was no meaningful dialogue between the trial court and appellant regarding her waiver of counsel, although the court informed appellant that she could be incarcerated for six months. Moreover, nowhere in the colloquy between the court and appellant did the appellant affirmatively state that she wished to waive counsel. We hold, therefore, that appellant did not knowingly, intelligently and voluntarily waive her right to counsel.
Appellant's first assignment of error is well-taken.
Appellant's second, third and fourth assignments of error are rendered moot by our resolution of the first assignment of error and, therefore, need not be addressed. App.R. 12(A)(1)(c).
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J. and MICHAEL J. CORRIGAN, CONCUR.