I concur with the majority's conclusion that assignments of error one and two are without merit. However, I must respectfully, but vigorously, dissent from the majority's conclusion that appellant's convictions must be affirmed because "without a record to exemplify that the court committed the errors * * * we are obliged to presume regularity of the proceedings" held in the Lyndhurst Municipal Court.
In this case, because a transcript of the proceedings was unavailable, the record before us on appeal has been submitted by the trial court judge pursuant to App.R. 9(C). The App.R. 9(C) record as settled and approved by the trial court judge on May 17, 1999 was filed in this court on May 19, 1999. This record affirmatively represents that appellant was not placed on Administrative License Suspension, therefore, thus, appellant's first and second assignments of error are not well taken.
However, in his third assignment of error appellant complains that the trial court failed to inform him of the consequences of his plea, the potential penalties or the rights he was giving up.
Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such a plea without first informing the defendant of the effect of the pleas of guilty; no contest, and not guilty. * * *"
A review of the App.R. 9(C) record demonstrates that appellant entered a plea of no contest to both the charge of underage consumption of alcohol and the charge of weaving. Upon these pleas, the court found appellant guilty of each charge and the city entered a nolle prosequi on the remaining charges. The record, as settled by the court, does not demonstrate that the court explained the rights that appellant would be waiving by entering his pleas, the effect of the pleas or of the potential penalties involved.
Crim.R. 11(E) imposes a mandatory duty on the trial court to advise the accused, and the record must affirmatively demonstrate that the court discharged that duty. Toledo v. Chiaverini (1983),11 Ohio App. 43. Moreover, Crim.R. 11(E) requires that in a misdemeanor case "the record affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly". See State v. Joseph (1988), 44 Ohio App.3d 212, 213, citing Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216, 218. The rule requires the court to explain the effect of a no contest plea. Joseph, id. The city has the burden to affirmatively show in the record that a defendant's plea was voluntarily, intelligently and knowingly given. Garfield Heights v. Brewer, supra at 218.
Here, the record fails to affirmatively demonstrate that appellant was advised of his rights that he would be waiving and it fails to affirmatively demonstrate that the court explained the effect of appellant's pleas and the potential penalties involved. Moreover, the City of Highland Heights concedes the record does not affirmatively demonstrate that the trial court informed [Allen] of the effects of the plea. The App.R. 9(C) record before us exemplifies the exact error of which appellant now complains. Thus, despite the majority's contention otherwise, I find that appellant has met his burden to supply a record, which affirmatively demonstrates his claimed error.
Therefore, because the record before this court demonstrates that the trial court failed to comply with Crim.R. 11 (E) prior to accepting appellant's pleas, I find appellant's third assignment of error to be well taken. Appellant's convictions should be reversed and the matter should be remanded to the trial court so that appellant may plead anew.