OPINION
Appellant Michael Hill appeals the decision of the Canton Municipal Court that denied his motion to withdraw his guilty plea prior to sentencing. The following facts give rise to this appeal. On June 17, 2000, appellant, his live-in girlfriend Jeana Sell, and a third person were involved in an altercation, while consuming alcohol. As a result of the altercation, appellant and Sell were charged with domestic violence. Appellant appeared, without counsel, at his arraignment on June 19, 2000. The trial court gave appellant a copy of the complaint to read and asked him if he understood it. Appellant responded that he did and signed and dated the form. The trial court asked appellant how he wished to plea to the charge of domestic violence. Appellant entered a plea of no contest and stated that it was in self-defense. The trial court proceeded to find appellant guilty and ordered a pre-sentence investigation. Subsequently, prior to sentencing, appellant contacted an attorney and determined that he had a defense to the charge of domestic violence. On June 23, 2000, appellant's counsel filed a motion to vacate the no contest plea. On this same date, the trial court overruled appellant's motion. On July 18, 2000, appellant appeared for sentencing. The trial court sentenced appellant to one hundred eighty days in jail, suspended the jail time, and fined him $50. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PRE-SENTENCE MOTION TO VACATE THE PLEA OF NO CONTEST WITHOUT CONDUCTING A HEARING.
 II. THE TRIAL COURT ERRED IN NOT INFORMING APPELLANT OF THE EFFECT OF HIS PLEA OF NO CONTEST AS MANDATED BY RULE 11(E) OF THE OHIO RULES OF CRIMINAL PROCEDURE.
 II
We will address appellant's Second Assignment of Error first as we find it dispositive of this matter on appeal. Appellant contends, in this assignment of error, that the trial court erred in not informing him of the effect of his plea of no contest as mandated by Crim.R. 11(E). We agree. Crim.R. 11(E) provides that: (E) Misdemeanor cases involving petty offenses
In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
In order to comply with the above rule, the trial court should:
 * * * advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant. City of Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, 44. Further, in the case of City of Garfield Heights. v. Brewer (1984), 17 Ohio App.3d 216, the court stated that: Crim.R. 11(E) requires that the record affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly. A meaningful dialogue between the court and the defendant is required whenever the possibility of incarceration exists.
Id. at syllabus.
The record indicates, in the case sub judice, that the trial court explained to appellant the degree of the offense, possible consequences, effect of a subsequent conviction for domestic violence, and his right to an attorney. Tr. at 4-5. However, the trial court did not explain to appellant his right to a trial by jury or to the court, the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial, his right to cross-examine the witnesses called against him, his right not to testify, and his right to subpoena any witness he may have in his own defense. Also, the trial court did not explain to him that by entering a plea of no contest, the court would make a finding of guilt or innocence based upon an explanation of the circumstances contained in the complaint, presented by the prosecution or presented by the complainant. Based on the above, we conclude appellant's plea of no contest was not entered voluntarily, intelligently or knowingly. Accordingly, the trial court erred when it accepted appellant's plea of no contest and making a finding of guilty. Appellant's Second Assignment of Error is sustained.
We will not address appellant's First Assignment of Error as it is moot based on our disposition of appellant's Second Assignment of Error. For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J. Gwin, P.J., and Edwards, J., concur.