OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The defendant-appellant, Ricky R. James ("the appellant"), brings this appeal from the Municipal Court of Tiffin, Ohio. The pertinent facts and procedural history of the case follow.
On November 10, 2000, the appellant was placed under arrest for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1).[1]
The appellant entered a plea of not guilty to the charge. The appellant then entered a plea of no contest to one charge of driving under the influence of alcohol, a misdemeanor of the first degree. The trial court accepted the appellant's plea and found him guilty of the offense. The appellant was sentenced to a term of imprisonment of one hundred eighty days (180) and imposed a fine of two hundred fifty dollars ($250) plus costs. On December 20, 2000, the appellant filed his notice of appeal.
The appellant alleges the following sole assignment of error.
 Assignment Of Error
The trial court erred in failing to advise the appellant of his rights under the United States Constitution and Ohio Crim.R. 11(E).
In his sole assignment of error, the appellant maintains that the plea should be vacated because the trial court did not comply with the requirements of Criminal Rule 11(E). Specifically, the appellant argues that the trial court failed to fully advise him of his constitutional rights prior to accepting his plea of no contest. For the following reasons, we agree.
A no contest plea, like a guilty plea, waives several constitutional rights, including the right to a trial by jury, the privilege against compulsory self-incrimination, and the right to confront one's accusers.Toledo v. Chiaverini (1983), 11 Ohio App.3d 43 . A trial court's obligation to address the defendant personally and inform him of these rights is specified in Crim.R. 11(C)(2). A meaningful dialogue between the court and the defendant is required; written statements will not satisfy these requirements. State v. Wilson (1978), 55 Ohio App.2d 64,65. A reviewing court will then be able to examine the record and determine whether the trial court explained the constitutional rights and the effect of a guilty or no contest plea in a manner reasonably intelligible to the defendant. State v. Ballard (1981), 66 Ohio St.2d 473,480. The burden is on the city to demonstrate a valid waiver of constitutional rights. See, e.g., City of Garfield Heights v. Brewer
(1984), 17 Ohio App.3d 216, 219.
Crim.R. 11(C)(2) states, in pertinent part, as follows:
(C) Pleas of guilty and no contest in felony cases.
* * *
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
* * *
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 In his brief, the appellant argues that the requirements set forth in Crim.R. 11(C)(2) also apply to misdemeanor cases involving petty offenses. The charge of driving under the influence of alcohol is a misdemeanor, petty offense, as defined in Criminal Rule 2(D).[2]
Crim.R. 11(E) sets forth the procedure to be used by the trial court before accepting a no contest plea to a misdemeanor, petty offense. Crim.R. 11(E) states in pertinent part, as follows:
In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty. (emphasis added.)
In State v. Davis (Apr. 8, 1992), Hardin App. No. 6-90-20, unreported, this Court stated as follows with respect to Crim.R. 11(E):
 Crim.R. 11(E) requires that the record affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly. A meaningful dialogue between the court and the defendant is required whenever the possibility of incarceration exists.
Similarly, this Court has held, as follows:
 Prejudice inheres in the failure to comply with Crim.R. 11(E), for noncompliance deprives the defendant of the rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of the plea. (Citation omitted.)
Id.
The plain language of Crim.R. 11(C)(2) states that it applies to pleas of guilty and no contest in felony cases. However, to be fully informed of the "effect" of the plea, as required by Crim.R.11(E), we find that a defendant charged with a misdemeanor, petty offense must be aware of the same rights as a felony defendant. See, e.g., Cleveland v. Wanzo (1998)129 Ohio App.3d 664 (holding that to be fully informed of the "effect of the plea" of guilty or no contest a defendant in a misdemeanor case must be aware of the same rights as a felony defendant). The requirement of a meaningful dialogue on the record between the court and the defendant is no less applicable in misdemeanor cases with a possible penalty of imprisonment. Where possibility of incarceration exists, for even six months or less, constitutional rights attach unless validly waived. Cityof Garfield Heights, 17 Ohio App.3d at 218. Therefore, we find that a defendant in a misdemeanor, petty offense must be advised of his constitutional rights as set forth in Crim.R. 11(C)(2).
In the case herein, a review of the transcript of the plea hearing reveals that the trial court did not inform the appellant of his right to confront his accusers, nor did the court inform him of his privilege against compulsory self-incrimination and his right to compulsory process of witnesses to testify on his behalf. Therefore, the City of Tiffin has not met its burden in this case by affirmatively showing on the record that the appellant's plea was knowing, voluntarily, and intelligent.
Accordingly, the appellant's assignment of error is sustained.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.
 ____________________ HADLEY, J.
 WALTERS, P.J., concurs. SHAW, J., dissenting.
[1] The appellant also was issued a citation for driving with an expired registration.
[2] Misdemeanors having a penalty of six months or less, as was the case herein, are to be considered "petty offenses" under the rules of criminal procedure. See Crim.R. 2.