DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Oregon Municipal Court that denied appellant's motion to vacate his 1989 conviction for petty theft. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant's brief does not separately set forth an assignment of error, but in the text under the heading "ASSIGNMENTS OF ERROR/STATEMENT OF ISSUES PRESENTED FOR REVIEW," appellant asserts that "the Oregon Municipal Court erred in denying Appellant's Motion to Withdraw His Plea and Otherwise Set Aside his conviction for the offense of Petty Theft." Appellant argues that his no contest plea entered on June 28, 1989 was not made knowingly, voluntarily or intelligently because the trial court failed to advise him of his rights pursuant to Crim.R. 11.
There is no transcript of the June 28, 1989 hearing because the tape recording made at that time is no longer in existence. Accordingly, appellant has submitted to this court an "AGREED STATEMENT AS THE RECORD ON APPEAL" pursuant to App.R. 9(D). The statement contains the following information.
On September 18, 1989, appellant was found guilty of petty theft, a first-degree misdemeanor, in violation of Oregon Municipal Code Section 545.05. On September 19, 2000, appellant filed a motion to vacate his conviction. On October 4, 2000, a hearing was held in the trial court on appellant's motion.[1] Appellant, who had come to this country from Egypt, testified that he was facing possible deportation as a result of two convictions, one of which was the 1989 petty theft conviction. Appellant further stated that at the time of his plea in 1989, he was not advised pursuant to Crim.R. 11 of the effect of his plea and that, had he been aware of the rights which he was waiving, he would not have tendered the plea.
The agreed statement reveals that the same judge presided over the plea and sentencing in 1989 and over the hearing in October 2000 on the motion to vacate. The agreed statement continues:
 "Judge Petroff stated on the record, following the Defendant's testimony at the hearing, that he `remembers Mr. Kamal quite well.' He further stated that he [Mr. Kamal] was advised of his rights `I tell every defendant of their rights.' Judge Petroff further stated `he was represented by experienced counsel at that time.'"
At the bottom of the statement is the following handwritten notation, signed by Judge Petroff:
 "The judge recalls this case very well as defendant had been before the court before and the court had several dialogues with the defendant regarding his rights. He was also advised that one of the sanctions could be deportation upon a finding of guilt."
The agreed statement was stipulated to by the parties and approved by the trial court.
Crim.R. 11(E) states that in misdemeanor cases involving petty offenses the trial court shall not accept a plea "without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." A no contest plea, like a guilty plea, waives several constitutional rights, including the right to a trial, the privilege against self-incrimination, and the right to confront one's accusers. Ohio cases that have determined whether the requirements of Crim.R. 11(C)(2) for taking pleas in felony cases have been met have required an affirmative showing on the record that the trial court explained in an intelligible manner the constitutional rights being waived. State v.Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus. A meaningful dialogue between the court and the defendant is required.State v. Caudill (1976), 48 Ohio St.2d 342, paragraph two of the syllabus. The requirement of a meaningful dialogue on the record between the court and the defendant is no less applicable in misdemeanor cases with a possible penalty of imprisonment because where the possibility of incarceration exists, for even six months or less, constitutional rights attach unless validly waived. City of Garfield Hts. v. Brewer (1984),17 Ohio App.3d 216, 218.
Appellant cites cases in which Ohio courts have held that an intelligent and knowing waiver will not be presumed from a silent record and that the record must affirmatively demonstrate that the court discharged its duty to advise a defendant of his rights pursuant to Crim.R. 11. See Brewer, supra; City of Euclid v. Krunoslav Muller (Sept. 2, 1999), Cuyahoga App. No. 74541, unreported. This case differs significantly from those cited by appellant, however, in that we have before us an agreed statement which addresses the issue of whether appellant was advised of his rights at the plea hearing. As indicated above, the trial judge stated that he recalled appellant, who was represented by competent counsel, and that he advises all defendants of their rights. Further, in his handwritten addition to the agreed statement, the trial judge said he recalled having several dialogues with appellant regarding his rights. The judge also stated that he had advised appellant that one of the effects of a finding of guilt could be deportation. Based upon this statement, signed by appellant's counsel and submitted by appellant in support of his appeal, we find that there is evidence in the record that appellant's plea was knowingly, voluntarily and intelligently made. Accordingly, the trial court did not err by denying appellant's motion to vacate his plea and appellant's argument in support of his appeal is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Oregon Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
 _________________________ Richard W. Knepper, J.
 Peter M. Handwork, J., Mark L. Pietrykowski, P.J. CONCUR.
[1] Appellant's motion was summarily denied. There is no transcript of this hearing.