[Cite as *State v. Vandersommen*, 2016-Ohio-7342.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                          Court of Appeals No. H-16-005

        Appellee                                  Trial Court No. 16CRB00069

v.

Andrew Vandersommen                      **DECISION AND JUDGMENT**

        Appellant                                 Decided: October 14, 2016

* * * * *

G. Stuart O'Hara, Jr., Law Director, and Scott M. Christophel,
Assistant Law Director, for appellee.

Edward O. Palm, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Andrew Vandersommen, filed an accelerated appeal from the

February 5, 2016 judgment of the Norwalk Municipal Court convicting him of

aggravated menacing, a violation of R.C. 2903.21(A) and sentencing him to a fine of

$300, court costs, and a jail term of 180 days. Thirty days of the jail time was ordered to

be served and the remainder of the time was suspended, with appellant to be placed on probation for two years.  For the reasons which follow, we reverse.

{¶ 2}  On appeal, appellant asserts the following assignments of error:

1. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO COUNSEL WHEN THE TRIAL COURT DID NOT PROPERLY OR TIMELY INFORM THE APPELLANT OF HIS RIGHT TO COUNSEL.

2. APPELLANT'S CONVICTION DEPRIVED HIM OF DUE PROCESS BECAUSE IT WAS BASED ON INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 3} On January 11, 2016, appellant was charged by a criminal complaint with aggravated menacing, a warrant for appellant's arrest was issued, and appellant was arrested.  On January 19, 2016, appellant appeared for a plea hearing, which was recorded.

{¶ 4} In his first assignment of error, appellant argues that the trial court denied appellant his constitutional right to counsel when it did not properly inform appellant of his rights.  In his supporting brief, appellant more precisely argues the trial court erred in finding that appellant voluntarily, knowingly, and intelligently waived his right to counsel because the trial court did not comply with Crim.R. 22 and 44(C).

{¶ 5} The right to counsel also embodies the right to waive the assistance of counsel and proceed pro se. *Faretta v. California*, 422 U.S. 806, 817, 95 S.Ct. 2525, 45

2.

L.Ed.2d 562 (1975); *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942); *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 23. Once the defendant has made an unambiguous assertion of the right to self-representation, the trial court has a duty to confirm that the defendant is competent to make that choice, *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, 804 N.E.2d 1, ¶ 19-32, and that the defendant has voluntarily, knowingly, and intelligently decided to exercise the right of self-representation. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus, citing *Faretta*. Because the right to the assistance of counsel and the right of self-representation are mutually exclusive, courts must "indulge every reasonable presumption against a waiver" of the right to counsel. *Garfield Heights v. Brewer*, 17 Ohio App.3d 216, 217, 479 N.E.2d 309 (8th Dist.1984) (citations omitted).

{¶ 6} Crim.R. 44(A) and (B) mandate that the court appoint counsel for a defendant at every stage of the proceedings through the direct appeal for serious offenses and may appoint counsel for indigent defendants in petty offenses where the defendant is unable to obtain counsel and has not waived his right to counsel. All waivers of the right to counsel, in both serious and petty cases, must be made in open court and be recorded in the record. Crim.R. 22 and 44(C). In serious cases, the waiver must also be in writing. *Id*.

{¶ 7} The information the court must provide cannot be proscribed because the information needed is dependent upon the circumstances surrounding each defendant.

3.

*State v. Obermiller*, Slip Opinion No. 2016-Ohio-1594, ¶ 30, quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).  The record must demonstrate that the defendant was informed of the "dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta* at 835, quoting *Adams* at 279.  The court must also "'adequately explain the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, or other facts essential to a broad understanding of the whole matter.'" *State v. Williams*, 6th Dist. Lucas Nos. L-13-1053, L-13-1054, 2014-Ohio-2834, ¶ 25, quoting *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 91, and *Martin* at ¶ 43.  "[A] written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge which is recorded." *Garfield Heights*.

{¶ 8} In the case before us, the trial court explained at the plea hearing the criminal complaint process and appellant's basic constitutional rights, including the right to be represented by counsel, by reading verbatim (with one exception) from a form entitled "Your Rights in Court," which appellant later executed.  The form also included an acknowledgment in bold print at the end of the document (which the trial court did not read) that appellant desired to "knowingly, intelligently, and voluntarily waive [his] rights to counsel."  This form contains other irregularities apart from the waiver issue.  The form had an execution date of January 5, 2016, which was prior to the complaint.

4.

Furthermore, the signature is illegible and no name was typed below the signature; but, appellant has not asserted he did not execute this form and the signature matches a signature on other documents in the record. Finally, the form does not contain a journalization stamp and, therefore, was never officially filed in the record. It became a part of the record only when an attorney filed it as an exhibit.

{¶ 9} At the plea hearing, appellant acknowledged to the court that he understood the explanation of the procedure and his rights and had no questions for the court. Appellant was then informed of the charge against him and appellant entered a plea of not guilty. A judgment entered the same day indicates that the court informed appellant of his rights as set forth in "R.C. 2937.02, Rules 5, 10, and 11 of the Ohio Rules of Criminal Procedure & TR 8-D," and appellant entered a plea of not guilty.

{¶ 10} Except for the written waiver form, there is no evidence on the record that appellant sought to exercise his right of self-representation or that he elected to waive those rights. The written waiver cannot substitute for compliance with Crim.R. 22 and 44. Therefore, we find the trial court did not comply at all with the requirements of Crim.R. 22 and 44, and trial court erred by allowing appellant to represent himself in the criminal proceedings. We find appellant's first assignment of error well-taken.

{¶ 11} Because the trial court erred in allowing appellant to represent himself, his conviction must be reversed. Appellant's second assignment of error challenging the sufficiency of the evidence to support the conviction and whether the conviction was contrary to the manifest weight of the evidence has been rendered moot.

5.

**{¶ 12}** Having found the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Norwalk Municipal Court is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Stephen A. Yarbrough, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

6.