JOURNAL ENTRY AND OPINION
Defendant-appellant, Bridget Johnson, appeals pro se the judgment of the Cleveland Heights Municipal Court finding her guilty of domestic violence in violation of R.C. 2919.25(A).[1] For the reasons that follow, we affirm.
The record reflects that at approximately 10 o'clock p.m. on October 18, 1999, officers from the Cleveland Heights Police Department responded to a complaint from appellant's husband that appellant had repeatedly whipped her thirteen-year-old son Denny on the face with a leather belt, causing injury to his lip and face. The officers found Denny, his mouth bleeding and his face swollen, laying on his bed in an upstairs bedroom. Denny refused to tell the police how he had been injured, although appellant's husband informed the police that appellant had whipped Denny because he had received four F's on his report card.
While the police were at appellant's home, they noticed broken glass in the living room and debris scattered around the kitchen. Appellant informed the police that her husband had thrown a plastic container of food at her, injuring her nose, as she descended the stairs after whipping her son. Appellant's husband, however, told the police that appellant had fought with him to prevent him from stopping her from whipping Denny. According to the police report, appellant's husband had a bite mark on his hand.
The police arrested appellant and charged her with domestic violence in connection with whipping her son. No charges were brought against appellant's husband.
The trial court appointed counsel for appellant and set trial for December 7, 1999. On the morning of trial, appellant's counsel filed a motion to withdraw, citing irreconcilable differences with appellant, and the trial court granted the motion. The transcript reflects the following colloquoy with the prosecutor, trial judge and appellant:
THE COURT: Mr. Prosecutor, what do I have?
 PROSECUTOR: Shirley Sally represented Mrs. Johnson this morning when I noticed the motion for withdrawal filed by Ms. Sally. Negotiations, notwithstanding the Court, conducted with Ms. Johnson after she was explained her right to counsel. (sic) It's my understanding at this point she wishes to enter a plea of no contest to the domestic charge.
 THE COURT: Okay. Is that true, you wish to enter a plea of no contest?
APPELLANT: Uh-huh.
 THE COURT: Okay. Do you understand that you have the right to have an attorney here today, and even though that your one attorney withdrew, you have a right to a continuous (sic) and I can get another attorney for you, another appointed counsel, do you understand that?
APPELLANT: Uh-huh.
 THE COURT: Do you wish to go forward today without an attorney anyway?
APPELLANT: Yes, I do.
 THE COURT: Okay. Do you understand that when you enter a plea of no contest (inaudible) finding of guilty without any further pleadings whatsoever?
APPELLANT: Yes, I do.
 THE COURT: Do you understand that if this matter went to trial you would be allowed to call witnesses, require witnesses to come on your behalf, that you could cross-examine witnesses and that the City would be required to prove these charges against you beyond a reasonable doubt, do you understand all of that?
APPELLANT: Yes, I do.
 THE COURT: Do you also understand if this matter went to trial that you would not be required to testify and that the fact that you didn't testify couldn't be held against you?
APPELLANT: Uh-huh.
 THE COURT: Do you also understand that you have the right to have a jury trial in this matter if it went to trial?
APPELLANT: I do.
 THE COURT: Do you understand that with a plea of no contest you're giving up all of those rights?
APPELLANT: Uh-huh.
 THE COURT: Do you also understand that this is a first degree misdemeanor punishable by a maximum of six months in jail and maximum $1,000 fine?
APPELLANT: Uh-huh.
 THE COURT: Do you have any questions about your rights?
APPELLANT: No, I don't.
 THE COURT: Okay. Good enough. I will step back to listen to the prosecutor.
The prosecutor then explained the events of October 18, 1999 that led to the domestic violence charge against appellant. The trial judge then asked appellant what she wished to say. Appellant informed the court that it's hard raising kids nowadays but she was doing everything she could to help Denny bring his grades up. Appellant also asserted that Denny did not have a learning disability, even though his teachers wanted to have him tested to determine whether he had such a disability. The record then reflects extensive discussion between appellant and the trial judge regarding the merits of testing Denny to determine whether he had a learning disability, with the trial judge attempting to convince appellant that there is no stigma to having a learning disability.
The trial judge found appellant guilty and subsequently sentenced her to six months in jail and a $1,000 fine, both of which were suspended, and one year of active probation and one year of inactive probation on the conditions that appellant complete a domestic violence class and refrain from menacing, harassing or abusing Denny or anyone else in her family. Appellant appealed from this judgment, raising two assignments of error for our review:
 I. THE CLEVELAND HEIGHTS MUNICIPAL COURT JUDGE LYNN C. TYLER ERRED WHEN SHE DID NOT ALLOW APPELLEE TO PRESENT ANY OF THE FACTS PERTAINING TO WHAT ACTUALLY TOOK PLACE THE NIGHT OF THE INCIDENT.
 APPELLEE'S COURT APPOINTED ATTORNEY DID [NOT] SHOW UP THE DAY OF HER HEARING TO ENSURE THAT APPELLEE HAD APPROPRIATE REPRESENTATION, THEREFORE THE APPELLANT WAS LEFT UNPREPARED TO REPRESENT HERSELF.
 THE ONLY ISSUE DISCUSSED THE DAY OF MY VERDICT WAS THE FACT THAT MY SON[']S SCHOOL WANTED TO PLACE HIM IN SPECIAL EDUCATION DUE TO HIS BAD GRADES AND THEY WANTED TO HAVE HIM TESTED. EVEN THOUGH APPELLEE DID NOT FEEL HER SON HAD A LEARNING DISABILITY SHE WENT ON AND ALLOWED THE SCHOOL TO TEST HIM. THE TESTING CONCLUDED THAT DENNY HAS THE BASIC ACADEMIC SKILLS NEEDED FOR SUCCESS WITHIN THE REGULAR CLASSROOM SETTING. HE MIGHT NEED SOME EXTRA EFFORT TO ELIMINATE GAPS IN HIS BACKGROUND INCLUDING THINGS SUCH AS MATH CALCULATION OF FRACTIONS AND USE OF DECIMALS. ALSO GAPS WERE NOTED WITH PUNCTUATION, GRAMMAR AND SPELLING AS WELL. THIS MIGHT RESULT FROM A MISALIGNMENT BETWEEN THE CURRICULUM'S (SIC) IN HIS PREVIOUS AND PRESENT SCHOOLS.
 II. ALSO THE COURT DID NOT ADDRESS THE ISSUE THAT THE APPELLEE WAS THE VICTIM OF DOMESTIC VIOLENCE THE SAME NIGHT, WHICH WAS INFLICTED UPON HER BY HER SPOUSE. WHILE APPELLEE WAS IN JAIL SHE HAD TO BE TAKEN TO THE HOSPITAL FOR TREATMENT, BECAUSE IT FELT AS IF HER NOSE HAD BEEN BROKEN. HER SPOUSE WAS NEVER ARRESTED FOR HIS PART IN ALL OF THIS. THE APPELLEE AND HER SPOUSE HAS SINCE BEEN TO COUPLES['] COMMUNICATION THERAPY.
In her first assignment of error, appellant contends that the trial judge erred in not allowing her to present evidence regarding the events of October 18, 1999. Appellant's argument is without merit.
R.C. 2937.07, regarding trial court action on pleas of guilty and no contest in misdemeanor cases, provides in pertinent part:
 Upon a plea of guilty being received the court * * * shall call for [an] explanation of circumstances of the offense from the affiant or complainant or his representatives, and after hearing the same, together with any statement of [the] accused, shall proceed to pronounce sentence * * *.
 If the plea be no contest or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. * * *.
The Supreme Court of Ohio has held that R.C. 2937.07 confers a substantive right. Therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances. City of Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148.
Here, after receiving appellant's plea of no contest, the prosecutor provided an explanation of the circumstances to the trial court. Pursuant to R.C. 2939.07, the trial court was authorized to make a finding of guilty from this explanation of circumstances. R.C. 2939.07 does not require that the trial court, upon receipt of a plea of no contest, allow the accused to present evidence or his or her explanation of circumstances.
Moreover, the record reflects that after the prosecutor gave an explanation of circumstances, the trial judge asked appellant, Is there anything you want to say, Mrs. Johnson? Thus, contrary to appellant's argument, the trial court gave appellant an opportunity to explain the facts pertaining to what actually took place the night of the incident.
Despite her plea of no contest, appellant also contends that the trial court erred in finding her guilty of violating R.C. 2919.25(A) because R.C. 2919.22 (incorrectly cited by appellant as R.C. 2912.22) gives parents statutory permission to administer physical discipline to their children so long as such discipline does not create a substantial risk of serious physical harm to the child.
The Supreme Court of Ohio considered whether there was a conflict between R.C. 2919.22, the child endangering statute, and R.C. 2919.25, the domestic violence statute, in State v. Suchomski (1991),58 Ohio St.3d 74. The Supreme Court held there was no conflict, stating:
 Nothing in R.C. 2919.25(A) prevents a parent from properly disciplining his or her child.
 The only prohibition is that a parent may not cause physical harm as that term is defined in R.C. 2901.01(C. Physical harm is defined as any injury[.] Injury is defined in Black's Law Dictionary (6 Ed. 1990) 785 as
 * * * [t]he invasion of any legally protected interest of another. (Emphasis added.) A child does not have any legally protected interest which is invaded by proper and reasonable parental discipline.
Thus, pursuant to Suchomski, a parent may use corporal punishment as a method of discipline without violating R.C. 2919.25(A) as long as the discipline is proper and reasonable under the circumstances. State v. Wagster (Mar. 27, 1996), Hamilton App. No. C-950584, unreported, citing State v. Hicks (1993), 88 Ohio App.3d 515.
Appellant pled no contest to the charge of violating R.C. 2919.25. Accordingly, her assertion that the use of corporal punishment was somehow authorized is necessarily moot. Moreover, notwithstanding appellant's plea, a whipping with a leather belt for F's on a report card, administered in the heat of anger and sufficient to cause bleeding of the mouth and a swollen face, is not punishment that is proper and reasonable under the circumstances. Striking a child in anger is not the same as disciplining an unruly child. City of Galion v. Martin (Dec. 12, 1991), Crawford App. No. 3-91-6, unreported.
Finally, appellant asserts that because her lawyer did not inform her prior to trial that she was withdrawing, appellant was required to represent herself at trial. We find no merit to appellant's argument.
The record reflects that the trial court specifically advised appellant that she was entitled to a continuance of trial and that the court would appoint another lawyer for appellant. The record further reflects that appellant understood this right but stated that she wished to proceed without a lawyer.
We find nothing in the record to indicate that appellant's waiver of her right to counsel was not knowingly, intelligently and voluntarily made. See Garfield Hts. v. Brewer (1984), 17 Ohio App.3d 216.
Appellant's first assignment of error is therefore overruled.
In her second assignment of error, appellant contends that the trial court erred because it did not consider the fact that she was the victim of domestic violence on the evening of October 18, 1999.[2] Appellant's argument is without merit.
The record reflects that during the explanation of circumstances, the prosecutor informed the trial court of appellant's statement to the police on the evening of October 18, 1999 that her husband had injured her by throwing a kitchen canister at her. Thus, the trial court was aware of, and presumably considered, appellant's contention that her husband had physically injured her that evening.
As discussed above, pursuant to R.C. 2937.07, the trial court was authorized to enter a finding of guilty and impose sentence from the explanation of circumstances provided by the prosecution. We find no error in the trial court's ruling.
Appellant's second assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ TIMOTHY E. McMONAGLE, P.J.:
MICHAEL J. CORRIGAN, J. and ANNE L. KILBANE, J., CONCUR.
[1] R.C. 2919.25(A) provides: No person shall knowingly cause or attempt to cause physical harm to a family or household member. Family or household member includes a child of the offender.
[2] Appellant contends that her husband injured her nose that evening when he threw a kitchen canister at her.