CITY OF CLEVELAND, Appellee,

v.

CHEBIB, Appellant.

[Cite as *Cleveland v. Chebib* (2001), 143 Ohio App.3d 295.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76924.

Decided Feb. 2, 2001.

*Cornell Carter,* Law Director, and *Robert P. Lynch, Jr.,* Assistant Law Director, for appellee.

*Jeanne Chebib, pro se.*

ANN L. KILBANE, Judge.

This is an appeal from a judgment of conviction and sentence by Cleveland Housing Court Judge Raymond L. Pianka, following the no-contest plea of

appellant Jeanne Chebib to housing code violations relating to the maintenance of her home and garage. Chebib, *pro se*, claims that the judge failed to advise her of her Crim.R. 11 rights in relation to her no-contest plea and failed to obtain her written jury waiver before proceeding to trial. We vacate the judgment of conviction and sentence, and remand.

The record reveals the following facts. On November 11, 1998, Inspector Paul Bellitto of Cleveland's Department of Community Development, Division of Building and Housing, inspected Chebib's Selzer Street home and garage. On December 1, 1998, he issued two notices of housing ordinance violations and requested correction by January 30, 1999: (1) the first notice, citing Cleveland Codified Ordinance ("CCO") 369.19, was directed to the deteriorated, decayed, and damaged condition of the garage and the combustibles, metal parts, and debris in the structure; and (2) the second notice, citing CCO 369.13(A) and (B), 369.15, and 369.19, to the decayed condition of the stairway system, broken storm windows and frames, deteriorated and unsecured facia board, decayed gutters and downspouts, and an improperly maintained roof and fence. The repairs were not made and, on February 1, 1999, Bellitto swore out a complaint charging Chebib with the failure to abate the violations contained in the notices.

Chebib appeared for her arraignment on April 20, 1999, and entered a plea of not guilty; the judge set a trial date for May 4, 1999, but, on that date, on his own motion he continued the matter until June 15, 1999, and assigned a housing inspector to meet Chebib at her property on May 7, 1999. On June 15, 1999, Chebib withdrew her not-guilty plea and entered a plea of no contest; the judge found her guilty and continued the matter at her request until July 20, 1999. Based upon the court reporter's certification, it appears that the proceedings at the June 15, 1999 hearing were not recorded.

The certified transcript of the July 20, 1999 hearing revealed that both Bellitto, who had inspected the premises the day before hearing, and a housing court specialist, who had inspected the property the day of hearing, found no change in the condition of the property. The judge then sentenced Chebib to a $1,000 fine, costs, and one hundred eighty days in the workhouse. He continued the matter until August 24, 1999, but indicated that he would give her until August 20 to clean up her property before ordering her to begin serving her term of incarceration. It appears that Chebib did not clean up her property because on August 24, 1999, the judge ordered her to serve her one hundred eighty days at the workhouse on weekends beginning September 17, 1999.

Chebib raises two assignments of error:

"I.   The court erred in not advising appellant of her Rule 11 rights upon a plea of no contest.

"II. The court erred by not receiving and filing a written waiver of jury before proceeding to trial of the issues in case 99–CRB–006933."

We find the first assignment of error dispositive of this appeal. Chebib contends that the judge failed to address her personally and inform her of her constitutional rights, as required under Crim.R. 11, or her right to an attorney, in accordance with Crim.R. 44. The city argues that her plea of no contest is not voidable because she failed to file a transcript of the hearings.

The parties agree that this matter involves a petty offense: Crim.R. 2(D) defines a "petty offense" as any "misdemeanor other than a serious offense," and Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Because Chebib's sentence involves confinement not exceeding six months, the offenses for which she was found guilty are petty offenses.

When considering a guilty or no contest plea in a matter involving a petty offense, Crim.R. 11(E) prohibits a judge from "accept[ing] such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." The rule further provides that the "counsel provisions" of Crim.R. 44(B) and (C) also apply to the acceptance of such a plea. Crim.R. 44(B) and (C) provide as follows:

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. *When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.*

"(C) Waiver of counsel. *Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22.* In addition, in serious offense cases the waiver shall be in writing."[1] (Emphasis added.)

We held in *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 217, 17 OBR 458, 459, 479 N.E.2d 309, 311–312:

"The Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence. *Argersinger v. Hamlin* (1972), 407 U.S. 25 [92 S.Ct. 2006, 32 L.Ed.2d 530]. Because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, *Brewer v. Williams* (1977), 430 U.S. 387 [97 S.Ct. 1232, 51 L.Ed.2d 424]; *Johnson v. Zerbst* (1938), 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461], that waiver must

---

1. Crim.R. 22 requires a court to record all proceedings of "serious offenses" and all waivers of counsel required by Rule 44(B) in "petty offenses."

affirmatively appear on the record. *State v. Haag* [(1976)], *supra* [49 Ohio App.2d 268, 3 O.O.3d 301, 360 N.E.2d 756]; *Cleveland v. Whipkey* (1972), 29 Ohio App.2d 79 [58 O.O.2d 86, 278 N.E.2d 374]. A knowing and intelligent waiver will not be presumed from a silent record. *Carnley v. Cochran* (1962), 369 U.S. 506, 516 [82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77–78]; *State v. Brinkman* (Feb. 25, 1982), Cuyahoga App. No. 44262, unreported [1982 WL 2363]; *State v. Washington* (March 27, 1980), Cuyahoga App. Nos. 40623 & 40624, unreported."

■ "A meaningful dialogue between the court and the defendant is required; written statements will not satisfy these requirements." *Id.* at 218, 17 OBR at 460, 479 N.E.2d at 313, citing *State v. Caudill* (1976), 48 Ohio St.2d 342, 2 O.O.3d 467, 358 N.E.2d 601, paragraphs two and three of the syllabus; *State v. Wilson* (1978), 55 Ohio App.2d 64, 65, 9 O.O.3d 223, 223–224, 379 N.E.2d 273, 274.

■ Contrary to the city's assertion, we conclude that, as certified by the court reporter, a full transcript of all of the proceedings attendant to this matter are included in the record. Our review of the single transcript of the July 20, 1999 hearing reveals that the judge did not advise Chebib of the effect of the plea or her right to counsel in accordance with both Crim.R. 11(E) and Crim.R. 44(B) and (C), nor does it show that she affirmatively waived her right to counsel. *Brewer*, 17 Ohio App.3d at 217, 17 OBR at 459–460, 479 N.E.2d at 313. As a result, we cannot conclude that Chebib knowingly, intelligently, and voluntarily waived her right to counsel. Her first assignment of error is well taken.

■ With regard to the second assignment of error alleging no jury waiver, we note that no trial was held in this matter (99–CRB–006933) because of Chebib's no-contest plea. A trial, however, was held on April 27, 1999, in Cleveland Municipal Court case No. 99CRB008160, involving violations for unlicensed and inoperable vehicles on Chebib's premises. Chebib did not file an appeal from the judgment of conviction in that case and, therefore, any claimed errors in that proceeding presented here are not subject to this court's review. Her second assignment of error is, therefore, overruled.

Judgment of conviction and sentence is vacated, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment vacated*
*and cause remanded.*

ANNE DYKE and COLLEEN CONWAY COONEY, JJ., concur.