CITY OF WESTLAKE, Appellee,

v.

KILBANE, Appellant.

[Cite as *Westlake v. Kilbane* (2001), 146 Ohio App.3d 308.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77881.

Decided Oct. 15, 2001.

Sean F. Kelleher, Assistant City Prosecutor, for appellee.

Major & Associates and James L. Major, for appellant.

TIMOTHY E. McMONAGLE, Judge.

Defendant-appellant, Thomas J. Kilbane, appeals the decision of the Rocky River Municipal Court finding him guilty of violating Westlake Codified Ordinance 333.01(d)(1), physical control of a vehicle while under the influence of alcohol, after entering a plea of no contest. For the reasons that follow, we vacate appellant's conviction.

A review of the record reveals that the Westlake Police Department received an anonymous telephone call informing them that an individual matching appellant's description carried a gun and drugs in his vehicle and was en route home to kill his wife. Police observed appellant's vehicle as described by the caller a short distance from its destination, at which time the police officer attempted to initiate a traffic stop. Appellant continued driving, nonetheless, but was eventually apprehended in his driveway shortly after midnight on December 15, 1999.

The officer detected a moderate odor of alcohol and noted appellant's bloodshot eyes. While the police officer's report reveals that appellant refused all field sobriety tests, the prosecutor's remarks in court suggest that appellant may have been physically limited and was therefore incapable of performing at least some of these tests. Appellant was subsequently placed under administrative license suspension ("ALS") pursuant to R.C. 4511.191 and arrested for driving under the influence of alcohol. Upon inspecting the vehicle, the officer found a handgun and loaded magazine in a briefcase on the vehicle's front passenger seat.

Appellant was eventually charged in municipal court with driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1).[1] Appellant filed a motion to suppress but later withdrew that motion upon agreeing to plead no contest to a charge of physical control of a vehicle while under the influence of alcohol, a violation of Westlake Codified Ordinances 333.01(d)(1). The court thereafter found appellant guilty of the amended charge, reversed the ALS, and sentenced him accordingly.

Appellant now appeals and assigns three errors for our review.

I

Appellant's second assignment of error is dispositive of this appeal and, as such, will be discussed out of turn. Succinctly, appellant challenges his conviction on the basis that his no contest plea was not made in compliance with Crim.R. 11(E). We agree.

---

1. As of the March 8, 2000 hearing, felony charges remained pending against appellant for carrying a concealed weapon.

Crim.R. 11(E) governs a criminal defendant's rights upon entering a no contest plea and provides:

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of * * * no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of * * * no contest * * *."

A violation of Westlake Codified Ordinances 333.01(d)(1) is a third-degree misdemeanor carrying a maximum penalty of sixty days in jail and a $500 fine. See Westlake Codified Ordinance 333.99(c); R.C. 2929.21(B)(3) and (C)(3). As such it is a petty offense as defined by Crim.R. 2(D).

Crim.R. 11(E) imposes a mandatory duty on the trial court to advise the accused, and the record must affirmatively demonstrate that the court discharged that duty. *Toledo v. Chiaverini* (1983), 11 Ohio App.3d 43, 11 OBR 76, 463 N.E.2d 56; see, also, *Cleveland v. Wanzo* (1998), 129 Ohio App.3d 664, 667, 718 N.E.2d 982. Because a no contest plea waives several constitutional rights, including the right to a trial, the privilege against self-incrimination and the right to confront accusers, the record must also affirmatively demonstrate that such a plea was entered voluntarily, intelligently, and knowingly. *Chiaverini*, 11 Ohio App.3d at 43, 11 OBR 76, 463 N.E.2d 56; see, also, *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 218, 17 OBR 458, 479 N.E.2d 309; see, generally, *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. "Where the possibility of incarceration exists, for even six months or less, constitutional rights attach unless validly waived." *Brewer*, 17 Ohio App.3d at 219, 17 OBR 458, 479 N.E.2d 309.

"The court, when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim.R. 11(E), should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant." *Chiaverini*, 11 Ohio App.3d at 44, 11 OBR 76, 463 N.E.2d 56.

A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. *Boykin v. Alabama* (1969), 395 U.S. 238, 243–244, 89 S.Ct. 1709, 1712–1713, 23 L.Ed.2d 274, 279–280; see, also, *Cleveland v. Wanzo*, 129 Ohio App.3d at 666–667, 718 N.E.2d

982. Strict compliance is also required when waiving the right of compulsory process. See *State v. Ballard* (1981), 66 Ohio St.2d 473, 478, 20 O.O.3d 397, 423 N.E.2d 115. On the other hand, substantial compliance with this rule is sufficient when waiving nonconstitutional rights. *Id.* See, also, *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; see, also, *Garfield Hts. v. Mancini* (1997), 121 Ohio App.3d 155, 699 N.E.2d 132. Substantial compliance "means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

■ With the exception of the right to remain silent, the record in this case fails to support that the trial court adequately explained the rights appellant would be waiving in exchange for his no contest plea and, therefore, does not support any degree of compliance with Crim.R. 11. The transcript reveals the following colloquy between the trial court judge and appellant's counsel:

"THE COURT: * * * If you waive further reading of complainant's rights, you have explained to Mr. Kilbane, Mr. McDonnell, that this is a possible penalty of a M–3 of zero dollar fine to $500 fine, zero days jail to 60 days in jail, zero points on the driver's record, no insurance suspension because Mr. Kilbane had insurance on 12/16/99 on the vehicle, no license suspension under 4507.16?

"COUNSEL: Correct.

"THE COURT: With all that said and done, indicated [*sic*] he is giving up all trial rights associated with the newly amended charge?

"COUNSEL: Yes, Your Honor.

"THE COURT: I believe Mr. Wheeler warrants [*sic*] a plea of guilty to the charge. That would be a formal admission of guilt. The Court will go ahead and pose [*sic*] a sentence. Is that correct, Mr. Wheeler? You want a plea of guilty?

"PROSECUTOR: Yes."

Addressing appellant, the court continued:

"THE COURT: Mr. Kilbane, if you plead guilty you will be formally admitting guilt to the ordinance of the Westlake Codified Ordinance mentioned by Mr. Wheeler because you were—actually physical control [*sic*] of an automobile under the influence of alcohol. Okay, sir?

"And if you plead guilty to that it's a formal admission of guilt and the Court just goes ahead and imposes a sentence.

"APPELLANT: Did I hear an influence of alcohol?"

Thereafter, there was some confusion as to whether appellant would enter a plea of guilty or no contest. Continuing, the court explained:

"THE COURT: Pleading no contest would be not a formal admission of guilt but you would be admitting the truth of the facts alleged in the ticket as amended in the 12/15/99. [*Sic.*]

"\* \* \*

"THE COURT: Do you want to plead no contest, sir, to the amended charge?

"APPELLANT: Yes.

"THE COURT: The Defendant's plea of no contest, you will be giving up your right to remain silent because you would be willing to admit the truth of the facts alleged in the complaint as read to you by [the prosecutor] although you wouldn't formally be admitting wrongdoing like by guilty is. [*Sic.*] Do you understand the difference?

"APPELLANT: I believe I do.

"THE COURT: Is your plea of no contest of physical control, M–3, 0. offense under the City of Westlake Code?

"APPELLANT: Yes."

The above colloquy does not support compliance with Crim.R. 11, substantial or otherwise. When the court stated that appellant would be "giving up all trial rights," it did not address appellant personally but rather addressed appellant's counsel. It is well established that a trial court must personally address a criminal defendant, thereby enabling the court to fully determine the defendant's understanding of the consequences of his no contest plea. *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450, citing *State v. Caudill* (1976), 48 Ohio St.2d 342, 2 O.O.3d 467, 358 N.E.2d 601, paragraph two of the syllabus; see, also, *Cleveland v. Chebib* (2001), 143 Ohio App.3d 295, 757 N.E.2d 1123. A trial court cannot discharge its duty to personally address a criminal defendant under Crim.R. 11 by eliciting answers from defense counsel. *State v. Ballard* (1981), 66 Ohio St.2d 473, 481, 20 O.O.3d 397, 423 N.E.2d 115. A colloquy between the court and defense counsel, however, may shed light as to the defendant's understanding provided that, under the totality of the circumstances, it can be demonstrated that the defendant, having been informed of his constitutional rights, entered his plea with full knowledge of its ramifications. *Id.*

This cannot be demonstrated in this case. When the court did address appellant personally, it merely apprised appellant that he would be giving up his right to remain silent. There was no mention or reference to any other constitutional right. Moreover, the court's reference to this right came after appellant's affirmative response to the court's inquiry as to whether appellant intended to enter a plea of no contest. This hardly constitutes even substantial compliance with Crim.R. 11.

Appellant's second assignment of error is well taken and is sustained. Accordingly, appellant's conviction is hereby vacated, the original charges are reinstated, and the cause is remanded.

## II

In his first assignment of error, appellant contends that the court erred in convicting him when "there was never any probable cause to make the traffic stop initially." His third assignment of error challenges his conviction on the basis that there ̥was not a "full explanation of the circumstance surrounding the charged offense." Based upon our disposition of appellant's second assignment of error, however, we need not consider these assignments of error. See App.R. 12(A)(1)(c).

Judgment vacated and remanded for proceedings consistent with this opinion.

*Judgment vacated*
*and cause remanded.*

DIANE KARPINSKI, A.J., and MICHAEL J. CORRIGAN, J., concur.