DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Norwalk Municipal Court. Based upon the lack of evidence in the record showing that appellant, Joe Black, Jr., was advised of his right to counsel, we reverse his conviction for a violation of R.C. 4507.02(D)(1), driving with a suspended license.
A violation of R.C. 4507.02 is a misdemeanor of the first degree; thus, the offender may be sentenced to up to six months imprisonment and must be sentenced to three consecutive days imprisonment. R.C. 4507.99; R.C. 2929.21(B)(1). In the present case, appellant entered a no contest plea, was found guilty and sentenced to ninety days in prison, with all but three days of that sentence being suspended. The court also imposed a fine of $300 and court costs.
Appellant asserts the following assignments of error:
 "I. THE TRIAL COURT PROCEEDED TO THE TRIAL OF THE DEFENDANT WITHOUT ADVISING THE DEFENDANT OF HIS RIGHT TO THE ASSISTANCE OF COUNSEL."
 "II. THE TRIAL COURT IMPOSED A JAIL SENTENCE UPON DEFENDANT WITHOUT ASSISTANCE OF COUNSEL."
 "III. THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO A JAIL TERM WITHOUT GRANTING A CONTINUANCE IN ORDER FOR HIS COUNSEL TO BE PRESENT."
Appellant's Assignments of Error Nos. I and II address the dispositive issue in this case. Appellant contends that he was deprived of his Sixth Amendment right to counsel because (1) he was not advised of his right to counsel at his initial appearance before the court; and (2) the record does not demonstrate that he knowingly, intelligently and voluntarily waived his right to counsel.
R.C. 1901.21(A) states that in a criminal case or proceeding before a municipal court, "the mode of bringing and conducting prosecutions shall be as provided in the criminal rules * * *." Crim.R. 5(A), which governs the procedure followed at an initial appearance, requires a court to, among other things, inform a defendant of his or her right to counsel, the right to a reasonable continuance to secure counsel, and, pursuant to Crim.R. 44, the right to appointed counsel if he or she is unable to employ counsel.
Where the misdemeanant is called upon to plead at his or her initial appearance, the procedure established by Crim.R. 10 (Arraignment) or Crim.R. 11 (guilty and no contest pleas) applies. Crim.R. 5(A)(5). As applicable to this case, Crim.R. 10(C)(1) and (2) state, inter alia, that when a defendant appears before the court without counsel and is called upon to plead, the trial judge must inform the defendant of his right to counsel, to a continuance to obtain counsel and to appointed counsel, if indigent. The court must also determine that the defendant understands these rights. Id.
The transcript of appellant's initial appearance/arraignment before the court reveals that the trial court simply apprised appellant of the fact that he was charged with the first degree misdemeanor of operating a motor vehicle while under a twelve point suspension, as well as the potential for a period of imprisonment. No mention is made of appellant's right to counsel on the record. This constitutes reversible error. SeeState v. Bayer (1995), 102 Ohio App.3d 172.
Furthermore, the Sixth Amendment right to counsel applies to misdemeanor cases in which a sentence of imprisonment could be imposed.Argersinger v. Hamlin (1972), 407 U.S. 25. Thus, to safeguard the right to counsel of one accused of a petty offense, Crim.R. 22 requires that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded * * *."
"A knowing and intelligent waiver will not be presumed from a silent record." Garfield Hts. v. Brewer (1984), 17 Ohio App.3d 216, 217. See, also, Cleveland v. Chebib (2001), 143 Ohio App.3d 295, 299. There is nothing in the record of this case demonstrating that appellant waived his right to counsel prior to the hearing on his plea of "no contest." This is prejudicial error. State v. Caynor (2001), 140 Ohio App.3d 424.
Finally, Crim.R. 11(E) applies to misdemeanors involving petty offenses and requires that, before accepting a plea of no contest, the trial court must inform the defendant of the effects of the guilty, not guilty, and no contest pleas. Crim.R. 44(B) and 44(C) also apply and state that in cases where the defendant is not represented by counsel, "no sentence of confinement may be imposed upon [the defendant], unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel," and this waiver of counsel must be recorded in accordance with Crim.R. 22.
At the plea hearing, appellant, who appeared without counsel, first indicated that he would enter the no contest plea. The trial court again informed appellant of the charges against him, and found appellant guilty of these charges. The court did not explain the differences between guilty, not guilty and no contest pleas. Appellant then stated that he would, if he could, like to be represented by his attorney. The trial judge replied "We're proceeding today," and pronounced the sentence that included a sentence of confinement. Again, no affirmative waiver of appellant's right to counsel at the plea hearing appears in the record of this case. This too is reversible error. Maple Heights v. Hassell
(April 29, 1999), Cuyahoga App. No. 73824, unreported.
For the foregoing reasons, appellant's Assignments of Error I and II are found well-taken. Due to our disposition of these assignments, we need not reach the merits of appellant's Assignment of Error No. III, and the same is found moot.
On consideration whereof, this court finds that appellant was prejudiced and prevented from having a fair trial, and the judgment and sentence of the Norwalk Municipal Court is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Appellee, the state of Ohio, is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,P.J., JUDGES CONCUR.