{¶ 8} Per Crim.R. 11(E), before accepting Defendant's guilty plea the court was required to advise him of the "effect" of his plea, which is the information contained in Traf.R. 10(B)(1): that a "plea of guilty is a complete admission of the defendant's guilt." State v. Watkins,99 Ohio St.3d 12, 2003-Ohio-2419. The court inquired of Defendant, "Do you understand (that) if you plead guilty, I will find you Guilty?" Defendant acknowledged that understanding.
 {¶ 9} Substantial compliance with a rule of procedure governing a defendant's waiver of non-constitutional rights by entering a plea of guilty or no contest is shown when the record permits a conclusion that, under the totality of the circumstances, the defendant understands the implications of his plea and the rights he is waiving. Westlake v.Kilbane (2001), 146 Ohio App.3d 308; Euclid v. Miller (1999),134 Ohio App.3d 737, appeal not allowed (2000), 87 Ohio St.3d 1494. Application of the rule is narrower in the case of petty misdemeanors, which includes the offense involved here, because the court is not required to determine that the defendant is aware of the rights he is waiving.Watkins. However, the record must portray at least substantial compliance with Crim.R. 11(E) vis-a-vis the implications of his plea.
 {¶ 10} In a "cause and effect" context, there is no significant difference between the "effect" of a guilty plea set out in Traf.R.10(B)(1) and the automatic result of the plea of which the trial court advised Defendant and to which he acknowledged an understanding. In fact, the advice the court gave was probably more to the point: that the hammer would fall and Defendant would be convicted. I would find substantial compliance with Traf.R. 10(B)(1).
 {¶ 11} Nevertheless, I agree that Defendant's conviction must be reversed, because the trial court failed to afford Defendant a hearing on his Crim.R. 32.1 motion to withdraw his guilty plea, which was made prior to sentencing, and in that circumstance "the trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." State v. Xie (1992),62 Ohio St.3d 521, 527. Failure to conduct the hearing prevents the court from exercising the discretion to deny the defendant's motion to vacate, and is grounds for reversal. State v. Peterseim (1988),68 Ohio App.2d 211.