[Cite as *State v. Ngaka*, 2020-Ohio-3106.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

    Plaintiff-Appellee

-vs-

FREDERIQUE K. NGAKA

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 19 CAC 09051


O P I N IO N


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Delaware County Municipal Court, Case No.19CRB0178 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | May 21, 2020 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| NATALIA S. HARRIS<br>Assistant Delaware City Prosecutor<br>Delaware City Prosecutor's Office<br>70 N. Union Street<br>Delaware, Ohio 43015 | GLORIA L. SMITH<br>Gloria L. Smith Attorney &<br>Counselor at Law, LLC<br>670 Meridian Way, #188<br>Westerville, Ohio 43082 |

*Hoffman, P.J.*

**{¶1}** Appellant Frederique Ngaka appeals the judgment entered by the Delaware Municipal Court convicting her of criminal trespass (R.C. 2911.21) following a bench trial, and sentencing her to 30 days incarceration.  Appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On May 9, 2019, a complaint was filed in the Delaware Municipal Court charging Appellant with one count of criminal trespass in violation of R.C. 2911.21(A)(1). The complaint stated Appellant entered premises belonging to her ex-husband, and walked around the outside of the house looking in windows and taking photographs of the interior of the home.

**{¶3}** On August 13, 2019, Appellant appeared before the court with counsel, expecting to proceed to trial.  The prosecutor moved to continue the case because the investigating officer who was expected to testify was on the scene of a serious accident, and therefore unavailable.  Appellant had no objection to the continuance.

**{¶4}** Counsel for Appellant then informed the court Appellant wanted to waive counsel and proceed pro se. The court allowed Appellant to proceed pro se with standby counsel, and set a new trial date.

**{¶5}** The case proceeded to trial on August 30, 2019, with Appellant representing herself.  The court noted before trial Appellant was a paralegal, but if she had any questions she should ask her standby counsel, who was seated with Appellant at counsel table, because the court could not provide her with legal advice.

---

[1] A full rendition of the facts is unnecessary for our resolution of this appeal.

**{¶6}** Following trial, Appellant was convicted as charged and sentenced to thirty days in jail, fined $225, and placed on community control for one year. Her driver's license was suspended for 30 days, and she was ordered to stay 500 feet from the former marital residence.

**{¶7}** It is from the August 30, 2019, judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

I. THE DEFENDANT WAS DENIED THE RIGHT TO PRESENT A DEFENSE AND TO CONFRONT WITNESSES AGAINST HER PURSUANT TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE US [SIC] CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION.

II. APPELLANT WAS DENIED THE RIGHT TO EQUAL PROTECTION PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE US [SIC] CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.

III. THE DEFENDANT WAS DENIED THE RIGHT TO A FAIR TRIAL PURSUANT TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE US [SIC] CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION.

IV. THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF STANDBY COUNSEL PURSUANT TO THE FIFTH,

SIXTH AND FOURTEENTH AMENDMENTS OF THE US [SIC] CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION.

V. THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

VI. THE TRIAL COURT ABUSED ITS DISCRETION BY THE SENTENCE IT IMPOSED AGAINST THE DEFENDANT.

### III.

{¶8}   We address Appellant's third assignment of error first, as it is dispositive of the appeal.  Appellant argues the record does not demonstrate she made a knowing, intelligent, and voluntary waiver of counsel.  We agree.

{¶9}   The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide a criminal defendant has a right to counsel. However, a criminal defendant also has the constitutional right to waive counsel and to represent himself or herself at trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In such a situation, "the Constitution * * * require[s] that any waiver of the right to counsel be knowing, voluntary, and intelligent * * *." *Iowa v. Tovar*, 541 U.S. 77, 87-88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004), Crim.R. 44(A). "In order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. The defendant must make an intelligent and voluntary waiver with the knowledge he will have to represent himself, and the dangers inherent in self-

representation. *State v. Ebersole,* 107 Ohio App.3d 288, 293, 668 N.E.2d 934 (3rd Dist. Hancock 1995), *citing Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

{¶10} Because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, waiver of counsel must affirmatively appear on the record. *City of Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 217, 479 N.E.2d 309, 311–12 (8th Dist. Cuyahoga 1984). A knowing and intelligent waiver will not be presumed from a silent record. *Id., citing Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

{¶11} This Court has previously discussed what must appear in the record to demonstrate a valid waiver of counsel:

> In *Gibson, supra*, the Ohio Supreme Court applied the test set forth in *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), which established the requirements for a sufficient pretrial inquiry by the trial court into a waiver of counsel:
>
> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made

only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

*State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976).

{¶12} *State v. Newman*, 5th Dist. Stark No. 2017CA00219, 2018-Ohio-3253, ¶¶ 17-18.

{¶13} The following colloquy is the only discussion on the record concerning Appellant's decision to waive counsel:

THE COURT:  Now, is there another issue we need to take up, Mr. Cramer?

MR. CRAMER:  There is, Your Honor.  My client has informed me she would like to waive counsel and proceed pro se.  I know at the bench you mentioned me staying on as standby counsel, and I mentioned that to my client as well, and she seems to be okay with that.

THE COURT:  Okay.

MR. CRAMER:  And I don't have any problem with it either.

THE COURT:  Okay.  Miss Ngaka, is that what you want to do?

MS. NGAKA:  Yes, Your Honor.

THE COURT: Okay. You know, certainly, you know, you're an adult, this is a decision you can make on your own.  But, you know, sometimes people think they understand rules of criminal procedure, rules of evidence.  Are you still working at a law firm?

MS. NGAKA:  I am, Your Honor.

THE COURT:  Okay.  So I know you have some knowledge.  But it's different when you're the client.

**{¶14}**  Tr. (8/13/19) 4-5.

**{¶15}**  We find this colloquy does not sufficiently demonstrate Appellant's decision to waive counsel was made with "apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter" as required by the United States Supreme Court in *Von Moltke, supra,* and the Ohio Supreme Court in *Gibson, supra.* While the record suggests a discussion may have been held with counsel and the court off the record, a valid waiver of counsel must be on the record, and cannot be presumed from a silent record.

**{¶16}**  While the State relies heavily on Appellant's employment as a paralegal at a law firm to demonstrate the validity of the waiver, the record does not affirmatively demonstrate her employment in and of itself gave her the understanding required for her waiver of counsel to be knowing and intelligent.   We find the nature of her employment does not relieve the trial court of its constitutional duty to undertake a "penetrating and comprehensive examination of all the circumstances" under which the decision to waive counsel was made.

**{¶17}**  The third assignment of error is sustained.

**{¶18}** Appellant's remaining assignments of error are rendered moot by our decision on her third assignment of error.

**{¶19}** The judgment of the Delaware Municipal Court is reversed and this case is remanded for further proceedings according to law and consistent with this opinion.

By: Hoffman, P.J.

Wise, John, J. and

Delaney, J. concur