[Cite as *State v. Bristow*, 2020-Ohio-3999.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 0006 |
| LONNY BRISTOW | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Mansfield Municipal
                             Court, Case No. 2019CRB05423

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      August 4, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. STUDENMUND, ESQ.              LONNY BRISTOW
Renwick, Welsh & Burton, LLC          P.O. Box 557
9 North Mulberry Street               Smithville, Ohio  44667
Mansfield, Ohio  44902

*Hoffman, P.J.*

{¶1} Appellant Lonny Lee Bristow appeals the judgment entered by the Mansfield Municipal Court convicting him of trespassing (R.C. 2911.21) following his plea of no contest and sentencing him to 30 days incarceration, with all days suspended upon condition of no criminal violations for two years (with the exception of minor misdemeanor traffic offenses), and fining him $250. Appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On May 30, 2019, Appellant was charged with trespassing and criminal mischief in the Ontario Mayor's Court. He entered pleas of not guilty to the charges and filed a jury demand. The case was transferred to the Mansfield Municipal Court.

{¶3} According to the bill of particulars, on May 25, 2019, Appellant drove his car on the yard of a residence in Ontario, Ohio. He walked on to the front porch and began pounding on the door. Appellant's cousin resided in the home. Appellant's cousin had texted him at least twice in April and May of 2019, asking Appellant to leave her alone. Ontario police officers told Appellant on both May 23 and May 24, 2019, to not contact her.

{¶4} After the case was transferred to Mansfield Municipal Court, Appellant entered a plea of no contest to the charge of trespassing. A nolle prosequi was entered on the charge of criminal mischief. Appellant was convicted as charged and sentenced to 30 days incarceration, with all days suspended upon condition of no criminal violations for two years (with the exception of minor misdemeanor traffic offenses), and fined $250.

{¶5} It is from the January 8, 2020 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR AND LACKED JURISDICTION IN ORDERING THIS APPELLANT TO NOTIFY THE TRIAL COURT IF APPELLANT CHANGED HIS NAME WITHIN TEN DAYS AFTER DOING SO.

II. APPELLANT'S REPRESENTATION OF HIMSELF VIOLATED HIS STATE AND FEDERALLY PROTECTED CONSTITUTIONAL RIGHT TO COUNSEL BECAUSE APPELLANT NEVER SIGNED A WAIVER OF COUNSEL, NEVER HAD A WAIVER OF COUNSEL HEARING, AND THERE WAS NO COLLOQUY TO INSURE APPELLANT'S REPRESENTATION OF HIMSELF WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARY.

III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO DISMISS THE TRESPASSING CHARGE AS FACIALLY INVALID UNDER OHIO LAW.

IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO DISMISS THE TRESPASSING CHARGE AS NOT LEGALLY SUSTAINABLE UNDER OHIO LAW.

II.

{¶6} We address Appellant's second assignment of error first, as it is dispositive of the appeal. Appellant argues the record does not demonstrate he made a knowing, intelligent, and voluntary waiver of counsel. We agree.

{¶7} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide a criminal defendant has a right to counsel. However, a criminal defendant also has the constitutional right to waive counsel and to represent himself or herself at trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In such a situation, "the Constitution * * * require[s] that any waiver of the right to counsel be knowing, voluntary, and intelligent * * *." *Iowa v. Tovar*, 541 U.S. 77, 87-88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004), Crim.R. 44(A). "In order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. The defendant must make an intelligent and voluntary waiver with the knowledge he will have to represent himself, and the dangers inherent in self-representation. *State v. Ebersole*, 107 Ohio App.3d 288, 293, 668 N.E.2d 934 (3rd Dist. Hancock 1995), *citing Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

{¶8} Because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, waiver of counsel must affirmatively appear on the record. *City of Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 217, 479 N.E.2d 309, 311–12 (8th Dist. Cuyahoga 1984). A knowing and intelligent waiver will not be presumed from a silent record. *Id.*, *citing Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

{¶9} This Court has previously discussed what must appear in the record to demonstrate a valid waiver of counsel:

In *Gibson, supra*, the Ohio Supreme Court applied the test set forth in *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), which established the requirements for a sufficient pretrial inquiry by the trial court into a waiver of counsel:

To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

*State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976).

{¶10} *State v. Newman*, 5th Dist. Stark No. 2017CA00219, 2018-Ohio-3253, ¶¶ 17-18.

{¶11} On November 9, 2019, Appellant appeared before the court for a hearing on various motions he had filed in this case, as well as to enter a plea on an unrelated case. At the outset of the hearing, the trial court stated:

THE COURT: Mr. Bristow, on that particular matter you're representing yourself in this matter; is that correct?

MR. BRISTOW: Yes, Your Honor, it is.

**{¶12}** Tr. (11/9/19) 3.

**{¶13}** On January 8, 2020, Appellant appeared before the court for a change of plea hearing. Appellant entered a plea of no contest, after which the court made a finding of guilty and pronounced sentence from the bench. Subsequent to sentencing, the following colloquy occurred:

> MR. STUDENMUND: Your Honor, sorry to interrupt. I think it's probably prudent to have the Record reflect that Mr. Bristow is representing himself and he's waived his right to counsel throughout the entire proceeding also.
>
> MR. BRISTOW: Yes, that is correct, Your Honor.
>
> THE COURT: Yeah. And you understand you waive your right to have as, as was previously done, waves the right to have Court appointed counsel or the right to choose your own attorney should you desire to hire one?
>
> MR. BRISTOW: Yes, Your Honor.
>
> THE COURT: And you waive that?
>
> MR. BRISTOW: Yes.

**{¶14}** Tr. (1/8/20) 27.

**{¶15}** We find this colloquy does not sufficiently demonstrate Appellant's decision to waive counsel was made with "apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible

defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter" as required by the United States Supreme Court in *Von Moltke, supra,* and the Ohio Supreme Court in *Gibson, supra.* Further, this limited colloquy occurred subsequent to Appellant's change in plea, the trial court's finding of guilt, and oral pronouncement of sentence.

{¶16} The State relies on Appellant's active engagement in plea negotiations on the record in this case, which the State argues demonstrates Appellant possessed the understanding required for his waiver of counsel to be knowing and intelligent. In *State v. Ngaka*, 5th Dist. Delaware No. 19 CAC 09051, 2020-Ohio-3106, the State relied heavily on Ms. Ngaka's employment as a paralegal at a law firm to demonstrate the validity of her waiver of counsel. We held the nature of her employment did not relieve the trial court of its constitutional duty to undertake a "penetrating and comprehensive examination of all the circumstances" under which the decision to waive counsel was made. *Id.* at ¶16. Likewise, we find Appellant's ability to engage in plea negotiations on his own behalf did not relieve the trial court of its duty to engage Appellant in the constitutionally-mandated examination to ensure his waiver of counsel was knowing, intelligent, and voluntary.

{¶17} The second assignment of error is sustained.

{¶18} Appellant's remaining assignments of error are rendered premature by our decision on his second assignment of error.

**{¶19}** The judgment of the Mansfield Municipal Court is reversed and this case is remanded for further proceedings according to law and consistent with this opinion.


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur